MATTER OF BROWN

In Deportation Proceedings

A-30085015

*Decided by Board September 30, 1982*

(1) Deportation proceedings which have been commenced against an alien are not nullified by his temporary absence from the United States as long as the allegations and charges stated in the Order to Show Cause continue to be applicable.

(2) The Immigration and Naturalization Service need not issue a new Order to Show Cause when an alien under deportation proceedings departs from the country if upon his return he is still deportable on the same grounds stated in the Order to Show Cause.

(3) A lawful permanent resident who has applied in deportation proceedings for a waiver of deportability under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c), and subsequently departs from the United States may resume the application in those proceedings upon his return.

CHARGE:

Order: Act of 1952—Sec. 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of a narcotics violation

ON BEHALF OF RESPONDENT:
Joseph F. O'Neil, Esquire
116 Lincoln Street
Boston, Massachusetts 02111

ON BEHALF OF SERVICE:
Frederick J. McGrath
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The Immigration and Naturalization Service has appealed from a decision of the immigration judge dated May 5, 1982, terminating deportation proceedings. The appeal will be sustained and the record will be remanded for further proceedings.

The respondent is a 25-year-old native and citizen of Jamaica who was admitted to the United States on May 27, 1973, as a lawful permanent resident. The record reflects that he was convicted on June 3, 1980, in the District Court of Springfield, in Springfield, Massachusetts, for possession of marijuana.

On August 28, 1980, an Order to Show Cause was issued charging the respondent with deportability under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(11), for having been convicted of a narcotics violation. At deportation proceedings conducted on

May 11, 1981, the respondent conceded deportability and applied for a waiver of deportation pursuant to section 212(c) of the Act, 8 U.S.C. 1182(c). The hearing was continued for an investigation regarding that application.

At resumed proceedings on May 5, 1982, the respondent testified that he had departed from the United States on August 19, 1981, for a visit to Jamaica. The immigration judge terminated deportation proceedings, concluding that the Service was required to institute new proceedings as a result of the respondent's departure from the United States. He further stated that by leaving the country the respondent abandoned his application for section 212(c) relief.

We find that the immigration judge erred in terminating the proceedings in this case. Deportation proceedings previously commenced against an alien are not nullified by his temporary absence from the United States. The reason for issuance of an Order to Show Cause is to inform an alien of the deportation charges against him and to notify him that he must show why he should not be deported. See 8 C.F.R. 242.1(b). As long as the allegations and charges stated in the Order to Show Cause continue to be applicable, the alien remains subject to deportation. He cannot compel the termination of deportation proceedings which have been commenced against him merely by effecting a departure and reentry. Consequently, we do not find it mandatory that the Service issue a new Order to Show Cause when an alien departs from the country if upon his return he is still deportable on the same grounds stated in the Order to Show Cause. This ruling does not, however, preclude the Service from electing to issue a new Order to Show Cause when appropriate.

Furthermore, we conclude that the respondent's application for section 212(c) relief could properly be resumed upon his return to the United States. See Matter of Lok, 18 I&N Dec. 101 (BIA 1981). Requiring him to file another application would serve no useful purpose in this case. Accordingly, the record will be remanded to the immigration judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

ORDER: The record is remanded to the immigration judge for further proceedings.