In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-1126

USMAN AHMED,

Petitioner,

v.

ALBERTO R. GONZALES,

Respondent.

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A76-782-469

ARGUED SEPTEMBER 8, 2005—DECIDED DECEMBER 21, 2005

Before FLAUM, *Chief Judge*, and EASTERBROOK, and
ROVNER, *Circuit Judges*.

ROVNER, *Circuit Judge*.  Usman Ahmed was born on May
23, 1992, fourteen weeks before his due date and now,
at age thirteen, still suffers from profound disabilities
including severe mental impairments and cerebral palsy.
On March 25, 1996, the Immigration and Naturalization
Service (now the Department of Homeland Security)[1]
admitted Ahmed and his father, Shakeel Ahmed, as non-

---

[1] For simplicity, we will refer to both the Immigration and
Naturalization Service and the Department of Homeland Security
as the Department.

immigrant visitors to the United States to receive medical treatment. Both Ahmed and his father remained in the United States past the February 2, 2001 date authorized by the Department. On April 11, 2002, the Department issued a notice to appear charging Ahmed, but not his father, with removability.

At an initial hearing the immigration judge informed Ahmed's father that, in light of Ahmed's severe disability, the father could appear at the subsequent hearing on his son's behalf. The immigration judge set the date for the merits hearing for July 30, 2003. Neither Ahmed nor his father appeared on July 30, or at any time thereafter. At the July 30 merits hearing, counsel claimed that the Ahmeds had left the country and asked the court to terminate the proceedings in light of this fact. The immigration judge obliged. The Board of Immigration Appeals reversed the decision and ordered Ahmed removed in absentia, holding that the "Immigration Judge was statutorily required to order the respondent removed in absentia." (R. at 3).

Ahmed claims that the BIA erred when it found that the immigration judge was required to order removal in absentia. According to Ahmed, the immigration judge had the discretion to determine whether to terminate proceedings or to order removal. The Department disagrees and asks us to uphold the order of the BIA ordering Ahmed removed in absentia.

The dispute focuses on the interpretation of two relevant provisions of the Immigration and Nationality Act that address the consequences of an alien's failure to appear. The immigration court rules of procedure state as follows:

§ 1003.26 In absentia hearings.

* * *

> (c) In any removal proceeding before an Immigration Judge in which the alien fails to appear, the Immigration Judge shall order the alien removed in absentia if:
>
>> (1) The Service establishes by clear, unequivocal, and convincing evidence that the alien is removable; and
>>
>> (2) The Service establishes by clear, unequivocal, and convincing evidence that written notice of the time and place of proceedings and written notice of the consequences of failure to appear were provided to the alien or the alien's counsel of record.

8 C.F.R. § 1003.26.

The Immigration and Nationality Act's discussion of removal proceedings states:

> (5) Consequences of failure to appear
>
> (A) In general
>
> Any alien who, after written notice required under paragraph (1) or (2) of section 1229(a) of this title has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable (as defined in subsection (e)(2) of this section). The written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided under section 1229(a)(1)(F) of this title.

8 U.S.C. § 1229a(b)(5).

We review the BIA's legal interpretation of the statute—that is whether it requires or allows the immigration judge to order removal—*de novo,* giving effect to the legislative intent where clear, or deferring to the Department's interpretation, where intent is not clear. *Knutsen v. Gonzales*, 429 F.3d 733, 736 (7th Cir. 2005) (citing *Chevron U.S.A. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984)); *Perez-Rodriguez v. INS*, 3 F.3d 1074, 1077 (7th Cir. 1993) (same). The plain language of the statute is clear: once an immigration judge has determined that an alien (1) is removable and (2) has been provided with adequate notice, that judge "shall" issue a removal order. 8 U.S.C. § 1229a(b)(5)(A); 8 C.F.R. 1003.26(c). The regulation simply does not allow an immigration judge discretion to terminate removal proceedings because an alien has left the country.

Ahmed does not argue that the government failed to provide adequate notice, nor does he deny removability. He argues instead that the immigration judge had the authority to terminate the removal proceedings because he left the country. On this point he is mistaken. Immigration rules give enforcement officials, not immigration judges or the BIA the discretion to terminate removal proceedings. *See* 8 C.F.R. § 1239.2; 8 C.F.R. § 239.2. As the BIA has noted in its own opinions, once enforcement officials of the Department opt to initiate proceedings, the immigration judge must issue an order of removal if the applicant is removable and has received adequate notice. *See In re Singh*, 21 I & N Dec. 427, 435 (BIA 1996) ("As long as the Service chooses to prosecute the applicant's proceedings to a conclusion, the Immigration Judges and this Board must order the applicant excluded and deported if the evidence supports such a finding."); *In re Yazdoni*, 17 I & N Dec. 626, 630 (BIA 1981) ("so long as the enforcement officials of the Service choose to initiate proceedings against an alien and to prosecute those proceedings to a conclusion, the immigration judge and the Board must order deportation if the

evidence supports a finding of deportability on the ground charged.")

The "in general' language which prefaces the statute does not imply, as Ahmed argues, that the statute allows for some unspecified and unknowable exceptions to the mandatory language of a statute. The words "in general" as a preface to a statutory section indicate to the reader that the text following will present a generalized overview of a statutory section, to be followed later by more specifics. We cannot accept Ahmed's argument that the words "in general" somehow erased or mitigated the clear demand of the words "shall be ordered removed in absentia." *See* 8 U.S.C. § 1229a(b)(5)(A).

Finally, Ahmed tries to skirt the mandates of the statute by claiming that the regulations for in absentia hearings do not apply at all because the immigration judge waived Ahmed's appearance. This argument paints only half of the picture. The immigration judge waived Ahmed's appearance only **on the condition that** Ahmed's father appear in his stead—a condition he repeated three times:

> Judge to Mr. Helt: This is notice to the respondent, I'll waive the child's appearance at the next hearing and [sic] **provided that Mr. Shakeel Ahmed appears in respondent's stead** since Mr. Ahmed would have to be responsible for any position taken on behalf of this child who is underage anyway. **I would require him to be present**, but not his son. All right.

> Judge to Mr. Ahmed: So this is notice to Mr. Ahmed that your next hearing is on October 18th[2] at 1 o'clock, **you have [sic] appear for hearing on that date**. If you don't, you could be ordered

---

[2] The hearing date was later changed to July 30, 2003 (R. at 75), (R. at 81).

removed from the United States in your absence and be denied enumerated reliefs.

(R. at 72) (emphasis supplied). At an interim proceeding the judge again reiterated;

The next hearing is on July 30th, 2003 at 1 o'clock and the respondent has to be at the hearing on that date. If he is not, then he could be ordered removed from the United States in his absence and be denied enumerated relief . . . What I would suggest, given what I observed at the last hearing was a severe disability, is that the parent testify in [sic] the respondent's behalf.

(R. at 82).

Ahmed concedes as much: "It is true that the Petitioner's father or mother should have appeared on behalf of their son, however, they did not." (Ahmed's brief at 11). Unfortunately for Ahmed, this concession both begins and ends the story. By failing to appear, Ahmed triggered the Department regulations on in absentia hearings. Because Ahmed was removable, had sufficient notice, and failed to appear, the regulations required the immigration judge to enter an order of removal. Under these circumstances an immigration judge has no authority to offer relief even for a compelling case like the one Ahmed presents. We have, therefore, no choice but to uphold the decision of the BIA determining that the immigration judge erred by terminating the proceedings in lieu of issuing a removal order. The decision of the BIA is AFFIRMED.

No. 05-1126                                                    7

A true Copy:

      Teste:


                        _____
                        *Clerk of the United States Court of*
                        *Appeals for the Seventh Circuit*