08-6173-ag
Faiz v. Holder

BIA
Montante, IJ
A 095 967 378

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge,*
> PIERRE N. LEVAL,
> PETER W. HALL,
> > *Circuit Judges.*

_____

SHAHEEN FAIZ,
> *Petitioner,*

     v.                     08-6173-ag
                                     NAC

ERIC H. HOLDER, JR.,[*] UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

[*]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**     *Pro se*.

**FOR RESPONDENT:**     Tony West, Assistant Attorney General; Carol Federighi, Senior Litigation Counsel; Brianne Whelan Cohen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Shaheen Faiz, a native and citizen of Pakistan, seeks review of the November 19, 2008 order of the BIA affirming the December 6, 2006 order of Immigration Judge ("IJ") Philip Montante denying her motion to reopen. *In re Shaheen Faiz*, No. A 095 967 378 (B.I.A. Nov. 19, 2008) *aff'g* No. A 095 967 378 (Immig Ct. Buffalo, N.Y. Dec. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to rescind an *in absentia* removal order under the same standard applicable to motions to reopen. *See Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir. 2006). We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme

2

Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)).

An immigration judge may proceed with removal proceedings *in absentia* if an alien fails to appear for a scheduled hearing after proper written notice of the hearing is sent to the alien at her most recent address. *See* 8 U.S.C. § 1229a(b)(5)(A). However, written notice is not required if the alien fails to provide her address. *Id.* at § 1229a(b)(5)(B). In such a case, the alien will be ordered removed if the government establishes the alien's removability by "clear, unequivocal, and convincing evidence." *Id.* at § 1229a(b)(5)(A). Faiz, through her counsel, acknowledged that she personally received the Notice to Appear on January 26, 2003, which informed her that she would be notified of her hearing date before an IJ, the consequences of her failure to attend the hearing, and her responsibility to inform the immigration court of any change of address. Faiz does not dispute that she failed to inform the immigration court of her change in address. Therefore, no written notice was required, and the IJ did not err in ordering her removed *in absentia*. *Id.* at

§ 1229a(b)(5)(A); (B); *see also Maghradze v. Gonzales*, 462 F.3d 150, 153-54 (2d Cir. 2006) (upholding BIA's determination that aliens who fail to inform the immigration court of a change in address are deemed to have constructively received notice provided in accordance with the requirements of 8 U.S.C. § 1229a).

Faiz argues that her failure to appear was based on her inability to understand the Notice to Appear due to her minimal education and lack of knowledge of the English language. She contends that the Notice does not indicate that it was translated to her by a Punjabi interpreter. To the contrary, the Notice clearly states that Faiz was provided with oral notice in her native Punjabi language of the consequences of her failure to attend. Furthermore, there is no requirement that Faiz be provided with a written translation of the Notice to Appear. *See Lopes v. Gonzales*, 468 F.3d 81, 84-85 (2d Cir. 2006) ("[W]e reject Silva's claim that the notices to appear were defective because they did not advise him in his native Portuguese that an *in absentia* order could be entered against him if he failed to appear. The relevant statute does not require that notice be provided in any particular language").

4

Finally, Faiz cites no legal authority for her contention that her motion should have been granted because "[t]he family was moving to Canada to apply for political asylum and had, at the time, no intent of returning to the United States." In fact, the BIA has held to the contrary. *See Matter of Brown*, 18 I. & N. Dec. 324 (1982) ("As long as the allegations and charges in the [NTA] continue to be applicable, the alien remains subject to deportation. He cannot compel the termination of deportation proceedings which have been commenced against him merely by effecting a departure and reentry"). The Seventh Circuit has reached a similar conclusion. *See Ahmed v. Gonzales*, 432 F.3d 709, 711 (7th Cir. 2005) (finding that "because petitioner was removable, had sufficient notice, and failed to appear, the regulations required the immigration judge to enter an order of removal," even though petitioner was not present in the United States at the time). Therefore, the agency did not abuse its discretion in denying Faiz's motion to reopen. *Kaur*, 413 F.3d at 233-34.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk