09-4218-ag
Singh v. Holder

BIA
Weisel, IJ
A072 473 324

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of August, two thousand ten.

PRESENT:
          DENNIS JACOBS,
                    *Chief Judge.*
          JON O. NEWMAN,
          DENNY CHIN,
                    *Circuit Judges.*

_____

GURMEET SINGH, ALSO KNOWN AS AVATAR
SINGH,
          *Petitioner,*

          v.                                        09-4218-ag
                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:     Gurmeet Singh, pro se, New York, N.Y.

FOR RESPONDENT:     Tony West, Assistant Attorney General, Civil Division; Leslie McKay, Assistant Director; Melissa Neiman-

**Kelting, Senior Litigation Counsel; Kristofer R. McDonald, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Gurmeet Singh, a native and citizen of India, seeks review of the September 11, 2009, order of the BIA, affirming the March 13, 2008, decision of Immigration Judge ("IJ") Robert D. Weisel, which denied his motion to reopen. *In re Gurmeet Singh*, No. A072 473 324 (B.I.A. Sept. 11, 2009), *aff'g* No. A072 473 324 (Immig. Ct. N.Y. City Mar. 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, an alien files a motion that seeks both rescission of an *in absentia* exclusion order, as well as reopening of proceedings based on new evidence, we treat the motion as comprising distinct motions to rescind and to reopen. *Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales,* 462 F.3d 150, 152 n.1 (2d Cir. 2006). We address separately each of Singh's motions below.

## I. Motion to Rescind

We review the denial of a motion to rescind an *in absentia* exclusion order for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *see also Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). The agency's regulations provide that, although motions to rescind *in absentia* orders of exclusion are not subject to time or numerical limitations, to obtain rescission an alien must demonstrate that he had reasonable cause for his failure to appear. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B); *In re N-B-*, 22 I. & N. Dec. 590, 592 (BIA 1999).

As a threshold matter, we find meritless Singh's argument that his exclusion order should have been rescinded because his departure from the United States prior to his exclusion hearing divested the IJ of jurisdiction over his proceedings. As the BIA noted, Singh failed to establish that he had departed from the United States before his scheduled hearing date. Regardless, even assuming Singh could establish that he was outside the United States at the time of his hearing, an alien "cannot compel the termination of deportation proceedings which have been commenced against him merely by effecting a departure and reentry." *See Matter of Brown*, 18

I. & N. Dec. 324, 325 (BIA 1982); *see also Ahmed v. Gonzales*, 432 F.3d 709, 711 (7th Cir. 2005) (noting that upon finding that an alien is removable and received adequate notice of a hearing, "an immigration judge [does not have] discretion to terminate removal proceedings because an alien has left the country," but must instead issue an order of removal).

Singh additionally argues that he established "reasonable cause" for his absence from the proceedings based on the ineffective assistance of his former counsel. However, as the BIA properly found, Singh cannot show any prejudice regarding his failure to appear at his March 1993 hearing arising from any ineffective assistance of counsel related to the filing of his first motion to reopen as that ineffectiveness did not occur until after he failed to appear. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (holding that an alien must demonstrate actual prejudice to prevail on an ineffective assistance claim). Moreover, in light of the numerous reasons Singh proffered for failing to attend his March 1993 exclusion hearing, the BIA did not abuse its discretion in finding that Singh failed to establish that his failure to appear at his March 1993 exclusion hearing was due to any ineffective assistance on the part of his prior counsel. Thus, because

Singh failed to establish reasonable cause for his failure to appear, *see Matter of Haim*, 19 I. & N. Dec. 641, 642 (BIA 1988), the BIA did not abuse its discretion in denying his motion to rescind.

## II.  Motion to Reopen

The BIA similarly did not abuse its discretion in finding that Singh's request to adjust to permanent resident status on the basis of an approved Immigrant Petition for Alien Worker did not constitute grounds for reopening his case. *See Matter of Castro-Padron*, 21 I. & N. Dec. 379, 380 (BIA 1996).  As the BIA has found, an IJ in exclusion proceedings has jurisdiction to adjudicate adjustment applications only in limited circumstances.  Because those circumstances do not pertain here, the BIA found that Singh was not eligible for adjustment of status in exclusion proceedings and properly denied the motion to reopen. *See id.*  To the extent Singh argues that reopening is appropriate to allow him to pursue a request for cancellation of removal, we decline to address this unexhausted argument. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk