FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURPREET SINGH, | No. 09-73013 |
| Petitioner, | Agency No. A074-152-323 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 27, 2013
Seattle, Washington

Before: McKEOWN and CLIFTON, Circuit Judges, and RAKOFF, Senior District Judge.[**]

Gurpreet Singh entered the United States without inspection in October 1995. He was apprehended and personally served with an Order to Show Cause ("OSC") informing him that deportation proceedings were being initiated and that

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

he was "required to be present at [his] deportation hearing prepared to proceed." The consequences of violating this requirement were made explicit: "If you fail to appear at any hearing after having been given written notice of the date, time and location of your hearing, you will be ordered deported *in your absence*, if it is established that you are deportable and you have been provided the appropriate notice of the hearing."[1]  Singh left the country in December 1995 to attempt to obtain asylum in Canada.  Singh listed his new California address in a November 1995 motion to change venue and his attorney's address in a December 1995 motion to change venue.  He never informed the court of any further changes of address or his departure to Canada.  In January 1996, the IJ sent notice of an April 1996 hearing, by registered mail, to Singh and his attorney at the last addresses on file.  Both delivery receipts were signed, though not by Singh or by his attorney. Neither Singh nor his attorney appeared at the hearing, and Singh was ordered deported in absentia.

In 2007, Singh unsuccessfully moved to rescind the in absentia order.  Singh now appeals the Board of Immigration Appeals' 2009 dismissal of his appeal of the denial of his motion for rescission.  We have jurisdiction and we affirm.

_____

[1] Because there was no ambiguity about what would happen if Singh failed to appear at the hearing, there was no due process violation.

Singh argues that the immigration judge lacked jurisdiction to conduct the 1996 in absentia hearing because he was not "deportable" after he left the country. This is incorrect. Jurisdiction was proper because the charging document—the OSC—was filed and personally served on Singh when he was in the United States in 1995. *See* 8 C.F.R. § 3.14 (1995). The BIA adequately addressed Singh's argument that 8 U.S.C. § 1251(a) (1994) limits jurisdiction to non-citizens who are "in the United States." The BIA relied on *Matter of Brown*, 18 I & N Dec. 324 (BIA 1982), which held that deportation under § 1251 was proper even where the non-citizen had left the United States during the pendency of deportation proceedings. We agree; Singh's unilateral departure did not compel termination of the proceedings.

Singh's argument that he never received notice of the hearing also fails. The immigration judge sent notice of the hearing to Singh and his attorney by registered mail. The declarations of Singh and his attorney do not rebut the presumption of effective service. *See Arrieta v. I.N.S.*, 117 F.3d 429 (9th Cir. 1997).

**AFFIRMED.**