# In re P-L-P-, Respondent

*Decided March 13, 1997*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Under 8 C.F.R. § 208.2(a) (1996), the Office of Refugees, Asylum, and Parole has initial jurisdiction over an alien's asylum application when the alien has not been served an Order to Show Cause and Notice of Hearing (Form I-221).

(2) Under 8 C.F.R. § 208.2(b) (1996), an Immigration Judge has exclusive jurisdiction over an asylum application filed by an alien once an Order to Show Cause has been served upon the alien and filed with the Immigration Court.

FOR THE RESPONDENT: Kurt L. Lyn, Esquire, Houston, Texas

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Lisa M. Putnam, Assistant District Counsel

BEFORE: Board Panel: DUNNE, Vice Chairman; VACCA and VILLAGELIU, Board Members.

DUNNE, Board Member:

The Immigration and Naturalization Service has appealed from the Immigration Judge's termination of the respondent's deportation proceedings on April 11, 1996. The appeal will be sustained. The Service's request for oral argument is denied. 8 C.F.R. § 3.1(e) (1996).

The respondent, a 33-year-old native and citizen of India, entered the United States without inspection on or about January 20, 1996. He filed an asylum application on January 24, 1996,[1] and was apprehended later that same day. The Service then served an Order to Show Cause and Notice of Hearing (Form I-221) upon the respondent. At the respondent's deportation hearing, the Immigration Judge decided that the Immigration Court did not have jurisdiction over the respondent, and he terminated the deportation proceedings. The Immigration Judge reasoned that the Order to Show Cause was improperly issued because the respondent's asylum application had not yet been adjudicated by an asylum officer.

---

[1] The Service disputes whether the asylum application was actually filed.

On appeal, the Service claims that the Immigration Judge does, in fact, have jurisdiction over the respondent. In its brief, the Service argues that if it chooses to place an alien in deportation proceedings, whether he has filed an asylum application with the Service or not, the regulations vest jurisdiction with the Immigration Judge over the entire proceedings, including asylum applications.

The Immigration Judge based his holding on 8 C.F.R. §§ 208.2 and 208.14 (1996). After examining these regulations, we agree with the Service that the Immigration Judge incorrectly terminated the respondent's deportation proceedings. The regulation at 8 C.F.R. § 208.2 states, in pertinent part:

> (a) Except as provided in paragraph (b) of this section, the Office of Refugees, Asylum, and Parole shall have initial jurisdiction over applications for asylum . . . filed by an alien physically present in the United States or seeking admission at a port of entry. An application that is complete within the meaning of § 208.3(c)(5) shall be either adjudicated or referred by asylum officers under this part in accordance with § 208.14. . . .
>
> (b) Immigration Judges shall have exclusive jurisdiction over asylum applications filed by an alien who has been served . . . an order to show cause under part 242 of this chapter, after a copy of the charging document has been filed with the Immigration Court. The immigration judge shall make a determination on such claims.

8 C.F.R. § 208.2.

Although the Immigration Judge also cites 8 C.F.R. § 208.14 to support his decision that an asylum officer must adjudicate the respondent's asylum application, that regulation does not regulate jurisdiction. Instead, it regulates when an Immigration Judge or an asylum officer may approve, deny, or refer an asylum application. Thus, we need not consider 8 C.F.R. § 208.14 in our decision.

The respondent apparently filed his asylum application before the Order to Show Cause was served on him. Therefore, prior to service of the Order to Show Cause, the Office of Refugees, Asylum, and Parole had initial jurisdiction over the respondent's application under 8 C.F.R. § 208.2(a). However, according to 8 C.F.R. § 208.2(b), Immigration Judges have exclusive jurisdiction over asylum applications filed by aliens who have been served an Order to Show Cause. Since the respondent in this case was served an Order to Show Cause, exclusive jurisdiction lay with the Immigration Judge once the Order to Show Cause was served upon the respondent and filed with the Immigration Court. *See Ramirez-Osorio v. INS*, 745 F.2d 937, 941 (5th Cir. 1984) (holding that aliens have two possible paths for seeking asylum: the Service or, if deportation proceedings have begun, an Immigration Judge, who has exclusive jurisdiction). Therefore, upon examining the federal regulations, we find that the Immigration Judge did have proper jurisdiction to adjudicate the respondent's asylum application. The Immigration Judge incorrectly terminated deportation proceedings. Accordingly, the appeal will be sustained and the record will be remanded to the Immigration Judge.

**ORDER:**     The appeal of the Immigration and Naturalization Service is sustained. The record is remanded to the Immigration Judge for further proceedings.