# Matter of Ramiro SANCHEZ-HERBERT, Respondent

*Decided November 2, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where an alien fails to appear for a hearing because he has departed the United States, termination of the pending proceedings is not appropriate if the alien received proper notice of the hearing and is removable as charged.

FOR RESPONDENT:  Josue M. Martinez, Esquire, Boerne, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Justin Adams, Deputy Chief Counsel

BEFORE:  Board Panel: MALPHRUS and CREPPY, Board Members; LIEBOWITZ, Temporary Board Member.

MALPHRUS, Board Member:

In a decision dated February 3, 2011, an Immigration Judge granted the respondent's motion to terminate removal proceedings against the respondent.  The Department of Homeland Security ("DHS") has appealed from that decision.  The appeal will be sustained, the removal proceedings will be reinstated, and the record will be remanded to the Immigration Judge.

The respondent is a native and citizen of Mexico.  On October 16, 2007, the DHS filed a notice to appear with the Immigration Court charging that he is inadmissible as an alien present in the United States without being admitted or paroled under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2006).  The respondent appeared at a master calendar hearing on November 27, 2007, and conceded removability through counsel.  The Immigration Judge granted the respondent a series of continuances relating to an application for adjustment of status and other issues.

At a master calendar hearing held on February 3, 2011, the respondent's counsel appeared without the respondent and moved to terminate the proceedings, presenting evidence indicating that the respondent had voluntarily returned to Mexico.  The DHS moved for the Immigration Judge to proceed with the hearing in absentia.  The Immigration Judge granted the respondent's

motion to terminate proceedings, reasoning that she lacked jurisdiction over the respondent because he was no longer in the United States.

The Immigration Judge erred in terminating proceedings on the grounds that she did not have jurisdiction. The respondent's departure from the United States after he was placed in proceedings did not divest the Immigration Judge of jurisdiction over the proceedings. Once a notice to appear has been properly filed with the Immigration Court, jurisdiction vests. *See* 8 C.F.R. §§ 1003.14(a), 1239.1(a) (2012). As long as the allegations and charges stated in the notice to appear continue to be applicable, the alien remains subject to removal. *See Matter of Brown*, 18 I&N Dec. 324, 325 (BIA 1982).

An alien does not need to be physically in the United States for the Immigration Judge to retain jurisdiction over pending proceedings and to conduct an in absentia hearing. *See generally* section 240(b)(5)(E) of the Act, 8 U.S.C. § 1229a(b)(5)(E) (2006) (stating that the statutory provisions regarding in absentia proceedings "shall apply to all aliens placed in [removal] proceedings," including aliens who remain in foreign territory contiguous to the United States pending such proceedings); *Matter of Luis*, 22 I&N Dec. 747, 752-54 (BIA 1999) (finding that an alien's departure from the United States while the Government's appeal was pending did not constitute a constructive withdrawal of the appeal or necessarily moot the appeal). In fact, the purpose of in absentia proceedings is to determine whether the DHS can meet its burden to establish that the alien, who did not appear, received proper notice and is removable as charged. *See* section 240(b)(5) of the Act; 8 C.F.R. § 1003.26 (2012). If the DHS meets its burden, the Immigration Judge should issue an order of removal; if it cannot, the Immigration Judge should terminate proceedings. *See Matter of Lopez-Barrios*, 20 I&N Dec. 203, 204 (BIA 1990).

In *Matter of Brown*, 18 I&N Dec. at 325, we held that an Immigration Judge erred in terminating proceedings where the alien departed the United States while proceedings were pending and then returned, concluding that the alien "cannot compel the termination of deportation proceedings . . . merely by effecting a departure and reentry." Although *Brown* involved deportation proceedings in a case where the alien returned to the United States and appeared in court, the same institutional concerns are raised in the respondent's removal proceedings. We acknowledge the Immigration Judge's observation that the practical result in this case is that the respondent has, in fact, departed the United States, regardless of whether he has been ordered to do so. However, allowing an alien who leaves the country while in proceedings to divest the Immigration Judge of jurisdiction over his case, or to otherwise unilaterally compel termination of proceedings over the DHS's objection, would permit him to dictate the outcome of the proceedings and

avoid the consequences of a formal order of removal. Such consequences include, for example, inadmissibility to the United States after having been ordered removed and ineligibility for certain forms of relief for a period of 10 years. *See* sections 212(a)(9)(C)(i)(II), 240(b)(7) of the Act.

Once jurisdiction vests with the Immigration Judge, neither party can compel the termination of proceedings without a proper reason for the Immigration Judge to do so. *See Matter of W-C-B-*, 24 I&N Dec. 118, 122 (BIA 2007) (stating that once jurisdiction vests with an Immigration Judge, a notice to appear cannot be cancelled by the DHS, which must instead move for dismissal of the matter on the basis of a ground set forth in the regulations); *see also* 8 C.F.R. § 239.2 (2012) (setting forth grounds on which the DHS may cancel a notice to appear prior to jurisdiction vesting with the Immigration Judge); 8 C.F.R. § 1239.2(c) (2012) (setting forth grounds on which the DHS may move for dismissal); *cf. Matter of Vizcarra-Delgadillo*, 13 I&N Dec. 51 (BIA 1968) (holding that the Immigration Judge had authority to terminate proceedings as "improvidently begun" in a case where termination was reasonable and both parties agreed to the motion to dismiss). In this regard, an Immigration Judge may terminate proceedings when the DHS cannot sustain the charges or in other specific circumstances consistent with the law and applicable regulations. *See Matter of W-C-B-*, 24 I&N Dec. 118 (discussing termination to permit reinstatement of a prior order of deportation); *Matter of Hidalgo*, 24 I&N Dec. 103 (BIA 2007) (discussing when termination is appropriate based on a pending naturalization application); *cf. Matter of Quintero*, 18 I&N Dec. 348 (BIA 1982) (noting that termination is not a proper means to delay an alien's deportation).

There was no basis to terminate proceedings in this case. Instead, the Immigration Judge should have granted the DHS's request to proceed with an in absentia hearing and, if the DHS met its burden to establish removability based on the facts and the evidence, entered an order of removal. *See* 8 C.F.R. § 1003.26(c). *See generally Matter of Singh*, 21 I&N Dec. 427, 435 (BIA 1996) ("As long as the [DHS] chooses to prosecute the applicant's proceedings to a conclusion, the Immigration Judges and this Board must order the applicant excluded and deported if the evidence supports such a finding.").

For the reasons discussed above, we conclude that the Immigration Judge erred in terminating proceedings. Accordingly, the DHS's appeal will be sustained and the record will be remanded for further proceedings.

**ORDER:** The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.