# Matter of J-A-B- & I-J-V-A-, Respondents

*Decided November 2, 2017*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An Immigration Judge does not have authority to terminate removal proceedings to give an arriving alien an opportunity to present an asylum claim to the Department of Homeland Security in the first instance.

FOR RESPONDENTS: Alexander A. Kannan, Esquire, Spring Valley, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Kathryn E. Stuever, Senior Attorney

BEFORE: Board Panel: MALPHRUS, MULLANE, and CREPPY, Board Members.

MALPHRUS, Board Member:

In a decision dated June 2, 2016, an Immigration Judge granted the respondents' motion to terminate their removal proceedings without prejudice. The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained, the proceedings will be reinstated, and the record will be remanded to the Immigration Judge.[1]

The respondents are natives and citizens of Mexico who applied for admission to the United States on September 17, 2015, at the San Ysidro, California, port of entry. During the inspection process, the respondents expressed a fear of being returned to Mexico and requested asylum. Rather than placing the respondents in expedited removal proceedings pursuant to section 235(b)(1)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b)(1)(A)(ii) (2012), the DHS released them from custody and paroled them into the United States on September 19, 2015.

The DHS served the respondents with notices to appear, charging them with inadmissibility as aliens without valid entry documents under section 212(a)(7)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I) (2012). By filing the notices to appear with the Immigration Court, the DHS initiated

---

[1] Subsequent to filing a brief on appeal, the respondents' attorney moved to withdraw as counsel of record. No adequate basis has been shown to permit withdrawal of counsel at this late stage of the appeal. Therefore, the motion is denied.

removal proceedings under section 240 of the Act, 8 U.S.C. § 1229a (2012), and vested jurisdiction with the Immigration Judge.

In a hearing before the Immigration Judge, the respondents filed a motion requesting that their removal proceedings be terminated without prejudice. They argued that because they were paroled into the United States without first being placed in expedited removal proceedings, they should be allowed to present their persecution claim to an asylum officer prior to filing an asylum application in removal proceedings before the Immigration Judge. The DHS opposed the respondents' motion to terminate the proceedings.

The Immigration Judge granted the respondents' motion, reasoning that arriving aliens who have been paroled into the United States, rather than placed in expedited removal proceedings, should be given an opportunity to file an application for asylum with the DHS in the first instance. He found that the respondents received "unequal treatment" because aliens who unlawfully entered the United States or who remained in violation of the law have two opportunities to have an asylum claim considered.[2] In the Immigration Judge's view, terminating proceedings to permit the respondents to file an asylum application with the DHS would promote fairness because a DHS asylum interview is a nonadversarial and less formal process than removal proceedings. *See* 8 C.F.R. §§ 208.9(b) 1208.9(b) (2017). He also noted that termination would preserve the Immigration Court's limited resources, given that if asylum were granted by the DHS, there would be no need for the respondents to appear in Immigration Court.

We agree with the DHS that the Immigration Judge erred in terminating these proceedings because there was no legal basis for doing so. It is well settled that an Immigration Judge may only "terminate proceedings when the DHS cannot sustain the charges [of removability] or in other specific circumstances consistent with the law and applicable regulations." *Matter of Sanchez-Herbert*, 26 I&N Dec. 43, 45 (BIA 2012). Neither the Act nor the regulations dictate that arriving and paroled aliens should be given two opportunities to have an asylum application considered—first, before a DHS asylum officer and later, before an Immigration Judge.

The regulations provide that the DHS has initial jurisdiction over an asylum application filed by an alien who is physically present in the United States or seeking admission at a port of entry. 8 C.F.R. §§ 208.2(a), 1208.2(a) (2017). However, once the DHS commences removal proceedings

---

[2] We note that the Immigration Judge's underlying premise in this regard is inaccurate because the DHS may commence removal proceedings against aliens who are in the country illegally before they file an affirmative asylum application. Only unaccompanied alien children have a statutory right to initial consideration of an asylum application by the DHS, and it is undisputed that the respondents do not fall within this class. *See* section 208(b)(3)(C) of the Act, 8 U.S.C. § 1158(b)(3)(C) (2012).

by filing a notice to appear with the Immigration Court, an Immigration Judge has exclusive jurisdiction over any asylum application an alien files, *see* 8 C.F.R. §§ 208.2(b), 1208.2(b), and it is the Immigration Judge's responsibility to adjudicate that application, *see* 8 C.F.R. § 1240.11(c)(3) (2017).

In *Matter of P-L-P-*, 21 I&N Dec. 887 (BIA 1997), we addressed a similar issue, finding that an Immigration Judge improperly terminated deportation proceedings to allow an alien to pursue the asylum application he had previously filed with the former Immigration and Naturalization Service ("INS"). In this regard, we noted that "according to 8 C.F.R. § 208.2(b), Immigration Judges have exclusive jurisdiction over asylum applications filed by aliens" once a charging document has been served and filed with the Immigration Court. *Id.* at 888. For the same reasons, once removal proceedings commenced in this case, it was improper for the Immigration Judge to terminate proceedings in order for the respondents to pursue asylum before the DHS.

Moreover, the Immigration Judge's decision to terminate proceedings was inconsistent with his role in our adjudicative process. As we stated in *Matter of W-Y-U-*, 27 I&N Dec. 17, 19 (BIA 2017), "The role of the Immigration Courts and the Board is to adjudicate whether an alien is removable and eligible for relief from removal in cases brought by the DHS." Therefore, although we recognize the Immigration Judge's efforts to conserve the Immigration Court's limited resources, he had a duty to adjudicate the respondents' case once the removal proceedings were initiated. *Id.*

The DHS's decision to commence removal proceedings involves the exercise of prosecutorial discretion, and neither the Immigration Judges nor the Board may review a decision by the DHS to forgo expedited removal proceedings or initiate removal proceedings in a particular case.[3] *See Matter of E-R-M- & L-R-M-*, 25 I&N Dec. 520, 523 (BIA 2011) (holding that "the DHS has discretion to put aliens in section 240 removal proceedings even though they may also be subject to expedited removal under section 235(b)(1)(A)(i) of the Act"); *see also Matter of G-N-C-*, 22 I&N Dec. 281, 284 (BIA 1998) (recognizing that "the decision to institute deportation proceedings involves the exercise of prosecutorial discretion and is not a decision which the Immigration Judge or the Board may review"). Terminating removal proceedings to require the DHS to initiate expedited removal proceedings, or to refrain from commencing removal proceedings altogether, in order to give the respondents an opportunity to file an asylum

---

[3]  Likewise, the DHS's determination that an alien falls within its enforcement priorities is a matter within its exercise of prosecutorial discretion, and an Immigration Judge may not review, revisit, or reconsider that decision. *Matter of W-Y-U-*, 27 I&N Dec. at 19.

application with the DHS "impinges upon the [DHS's] exclusive authority to control the prosecution of [removable] aliens." *Matter of Roussis*, 18 I&N Dec. 256, 258 (BIA 1982) (holding that an Immigration Judge's sua sponte decision to remand an alien's application for adjustment of status to the INS impinged on the INS's exclusive authority to initiate and prosecute proceedings to a conclusion).[4]

The respondents also claim that the DHS improperly bypassed the credible fear interview process under section 235(b)(1)(A)(ii) of the Act when it chose not to place them in expedited removal proceedings but, instead, paroled them into the United States and commenced section 240 removal proceedings. This argument is foreclosed by *Matter of E-R-M- & L-R-M-*, 25 I&N Dec. at 523−24, where we held that the DHS has discretion to place an arriving alien in section 240 removal proceedings, regardless of whether the alien expresses a fear of persecution. Therefore, the DHS was well within its authority to serve the respondents with notices to appear in Immigration Court, where they can pursue their asylum claim before the Immigration Judge, in lieu of initiating expedited removal proceedings.

We are also unpersuaded by the respondents' assertion that they were deprived of certain fundamental rights when the DHS initiated removal proceedings, thereby circumventing the credible fear provisions of the regulations. The respondents have no due process right to initial consideration of their asylum claim by the DHS because they will receive a full and fair hearing on their application by the Immigration Judge. *See Matter of G-D-*, 22 I&N Dec. 1132, 1137 (BIA 1999) (holding that an alien's right to "a full and fair hearing on his asylum claim" was not compromised where he had "availed himself of his statutory and regulatory rights, which resulted in a full hearing" in removal proceedings).

Moreover, even if the DHS places an alien in expedited removal proceedings and, following an interview, finds that the alien has a credible fear, such a finding would not necessarily result in a grant of asylum. *See* sections 235(b)(1)(A), (B) of the Act; 8 C.F.R. §§ 235.3(b)(4), 1235.3(b)(4) (2017). Instead, the alien would be placed in section 240 removal proceedings for an Immigration Judge to consider his or her claim to

---

[4] We note that the DHS paroled the respondents into the United States under section 212(d)(5)(A) of the Act for the purpose of placing them in removal proceedings under section 240 of the Act. In this respect, the Immigration Judge's decision to terminate the proceedings so the respondents could pursue an asylum application before the DHS also impinges on the DHS's parole authority. *See Matter of Arrabally & Yerrabelly*, 25 I&N Dec. 771, 777 n.5 (BIA 2012) ("[P]arole authority is . . . exercised exclusively by the DHS.").

asylum or withholding of removal de novo. 8 C.F.R. § 208.30(f) (2017).[5] Consequently, there is no merit to the respondents' assertion that by not having a credible fear interview, they were deprived of an opportunity to establish the reasons for their fear of returning to Mexico.

For the above reasons, we conclude that the Immigration Judge erred in terminating the respondents' removal proceedings to allow them to present their asylum claim to the DHS in the first instance. An Immigration Judge cannot require the DHS to exercise its prosecutorial discretion to initiate expedited removal proceedings. And an Immigration Judge does not have authority to terminate removal proceedings so that an alien can have an asylum claim considered first by an asylum officer and, if it is not granted, then by an Immigration Judge. Instead, once section 240 removal proceedings are commenced, the Immigration Judge has a duty to adjudicate the respondents' case, regardless of how the DHS elected to prosecute it. Accordingly, the DHS's appeal will be sustained, the removal proceedings will be reinstated, and the record will be remanded to the Immigration Judge.

**ORDER:** The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[5] While we recognize that there are procedural differences between presenting an asylum claim to the DHS and filing an asylum application with an Immigration Judge in removal proceedings, the respondents "have more rights available to them in proceedings under section 240 than in expedited removal proceedings [before a DHS asylum officer], where aliens may only raise persecution-related relief." *Matter of E-R-M- & L-R-M-*, 25 I&N Dec. at 521 n.1.