# Matter of J.J. RODRIGUEZ Rodriguez, Respondent

*Decided January 31, 2020*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where the Department of Homeland Security returns an alien to Mexico to await an immigration hearing pursuant to the Migrant Protection Protocols and provides the alien with sufficient notice of that hearing, an Immigration Judge should enter an in absentia order of removal if the alien fails to appear for the hearing.

FOR RESPONDENT: Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY: David A. Landau, Senior Litigation Coordinator

BEFORE: Board Panel: MALPHRUS, Acting Chairman; CREPPY and CASSIDY, Board Members.

MALPHRUS, Acting Chairman:

In a decision dated May 15, 2019, an Immigration Judge terminated the respondent's removal proceedings without prejudice. The Department of Homeland Security ("DHS") has appealed from this decision. While the appeal was pending, we requested and received supplemental briefing from the DHS and amici curiae.[1] The appeal will be sustained, the removal proceedings will be reinstated, and the record will be remanded for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Honduras who applied for admission to the United States at the San Ysidro, California, port of entry. On April 3, 2019, the DHS served him with a notice to appear, charging him with removability under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I) (2018), as an alien who, at the time of admission, did not possess valid entry documents. The notice to appear contains the respondent's signature, acknowledging that the DHS had personally served it on him. It informed the respondent that his removal hearing would be held on May 15, 2019, at 12:30 p.m. in the San Diego

---

[1] We acknowledge and appreciate the briefs submitted by the DHS and amici.

Immigration Court and listed the respondent's address as Domicilio Conocido, Tijuana, Baja California, Mexico.

The DHS also provided the respondent with a document entitled "Migrant Protection Protocols Initial Processing Information" ("MPP Sheet"). The MPP Sheet, which is written in the English language, instructed the respondent to arrive at a specific location at the San Ysidro port of entry at 9:00 a.m. on May 15, 2019, so that he could be transported to the San Diego Immigration Court for his removal hearing. A copy of the MPP Sheet was provided to the respondent in the Spanish language, and both versions of this document contain the signature of the respondent that appears on the notice to appear.

The DHS returned the respondent to Mexico pursuant to the Migrant Protection Protocols to await his removal hearing. The respondent did not appear for this hearing, and the DHS requested that the Immigration Judge enter an in absentia order of removal. The DHS argued that the respondent was provided with adequate notice of his hearing and that the MPP Sheet advised the respondent of the procedure for obtaining transportation to his hearing. Citing due process concerns, the Immigration Judge concluded that the DHS did not provide the respondent with sufficient notice of his hearing and terminated the respondent's removal proceedings without prejudice. The Immigration Judge did not allow the DHS to present evidence regarding the respondent's removability.

## II. ANALYSIS

It is well settled that an Immigration Judge may only "terminate removal proceedings under [specific] circumstances identified in the regulations" and where "the charges of removability against a respondent have not been sustained." *Matter of S-O-G- & F-D-B-*, 27 I&N Dec. 462, 468 (A.G. 2018). We agree with the DHS that the Immigration Judge erred in terminating these proceedings.

In January 2019, the DHS implemented the Migrant Protection Protocols.[2] Under these protocols, the DHS has the discretion to return "certain foreign individuals entering or seeking admission to the U.S. from Mexico—illegally or without proper documentation— . . . to Mexico . . . for the duration of their immigration proceedings." U.S. Dep't of Homeland Security, *Migrant Protection Protocols* (Jan. 24, 2019), https://www.dhs.

---

[2] On January 25, 2019, the Secretary of the DHS issued a memorandum providing guidance for implementing the Migrant Protection Protocols. *See* Memorandum from Kirstjen M. Nielsen, Sec'y of the DHS, *Policy Guidance for Implementation of the Migrant Protection Protocols* (Jan. 25, 2019), https://www.dhs.gov/sites/default/files/publications/19_0129_OPA_migrant-protection-protocols-policy-guidance.pdf.

gov/news/2019/01/24/migrant-protection-protocols; *see also Innovation Law Lab v. McAleenan*, 924 F.3d 503, 507 (9th Cir. 2019) (per curiam) (granting the DHS's motion for a stay of a preliminary injunction of the Migrant Protection Protocols).

The statutory basis for the Migrant Protection Protocols is section 235(b)(2)(C) of the Act, 8 U.S.C. § 1225(b)(2)(C) (2018), which provides that, in the case of an alien "who is arriving on land . . . from a foreign territory contiguous to the United States," the DHS "may return the alien to that territory pending" a removal proceeding under section 240 of the Act, 8 U.S.C. § 1229a (2018). The regulations at 8 C.F.R. §§ 235.3(d) and 1235.3(d) (2019) additionally state that the DHS

> may require any alien who appears inadmissible and who arrives at a land border port-of-entry from Canada or Mexico, to remain in that country while awaiting a removal hearing. Such alien shall be considered detained for a proceeding within the meaning of section 235(b) of the Act and may be ordered removed in absentia by an immigration judge if the alien fails to appear for the hearing.

The DHS complied with the Act and the regulations when it returned the respondent to Mexico to await his removal hearing.[3]

"Due process requires that the alien be provided with notice of proceedings and an opportunity to be heard." *Matter of G-Y-R-*, 23 I&N Dec. 181, 186 (BIA 2001). This notice must "be reasonably calculated to apprise the alien of his or her scheduled hearing and the immigration charges." *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "[A]ctual notice will always suffice." *Id.* In this case, the level of notice the respondent received satisfied the requirements of due process.

As noted, the notice to appear in this case was personally served on the respondent. It placed him on notice of the "time and place at which [his] proceedings [would] be held," informed him of the charges against him, and warned him of the consequences of failing to appear for his hearing. Sections 239(a)(1)(D), (G) of the Act, 8 U.S.C. § 1229(a)(1)(D), (G) (2018). There is no indication that the notice to appear was deficient. *See Matter of Bermudez-Cota*, 27 I&N Dec. 441, 445 (BIA 2018); 8 C.F.R. § 1003.15(c) (2019). Finally, the DHS's filing of the notice to appear with the San Diego Immigration Court vested that court with adjudicatory authority over the respondent's removal proceedings. *See Matter of Bermudez-Cota*, 27 I&N Dec. at 444–45; *see also Matter of Rosales Vargas and Rosales Rosales*, 27 I&N Dec. 745, 751–52 (BIA 2020).

---

[3] To the extent that amici argue that the Migrant Protection Protocols, section 235(b)(2)(C) of the Act, and the governing regulations are unconstitutional, "[i]t is well settled that we lack jurisdiction to rule on the constitutionality of the Act and the regulations we administer." *Matter of Fuentes-Campos*, 21 I&N Dec. 905, 912 (BIA 1997).

In addition to the notice to appear, the DHS provided the respondent with an MPP Sheet, which specified when and where the respondent needed to arrive at the port of entry so that he could be transported to his hearing. The Immigration Judge expressed concern that the respondent may not have understood the instructions contained in the MPP Sheet, but there is no adequate basis to assume that he did not. Both the MPP sheet and the courtesy copy of the MPP Sheet in the Spanish language contain the respondent's signature, and there is no requirement that an alien in immigration proceedings be provided with a notice to appear or any other document in their native language. *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1155 n.4 (9th Cir. 2004) ("Current law does not require that the Notice to Appear . . . be in any language other than English." (citation omitted)); *Matter of D-R-*, 25 I&N Dec. 445, 458 n.10 (BIA 2011) (rejecting an alien's argument that "the DHS's documentary evidence was inadmissible because it had not been translated into [the alien's] native language" since "no such requirement exists in immigration proceedings"), *remanded on other grounds*, *Radojkovic v. Holder*, 599 F. App'x 646, 648 (9th Cir. 2015). In light of the foregoing, we do not agree with either the Immigration Judge or amici that the level of notice the respondent received in this case was insufficient to satisfy the requirements of due process.[4]

Accordingly, where, as here, the DHS returns an alien to Mexico to await an immigration hearing pursuant to the Migrant Protection Protocols and provides the alien with sufficient notice of that hearing, an Immigration Judge should enter an in absentia order of removal if the alien fails to appear for the hearing. *See Matter of Sanchez-Herbert*, 26 I&N Dec. 43, 44 (BIA 2012) ("An alien does not need to be physically in the United States for the Immigration Judge to retain jurisdiction over pending proceedings and to conduct an in absentia hearing.").[5]

Amici raise due process concerns and describe practical difficulties that other aliens have faced after they were returned to Mexico pursuant to the Migrant Protection Protocols. Although amici assert that these aliens had difficulty obtaining and communicating with counsel while awaiting their hearings in Mexico, their cases are not before us. *See, e.g.*, *INS v. Phinpathya*, 464 U.S. 183, 188–89 n.6 (1984) (noting that statements by

---

[4]  In the absence of sufficient notice, an alien may file a motion to rescind the in absentia removal order and reopen the proceedings. Section 240(b)(5)(C) of the Act; 8 C.F.R. § 1003.23(b)(4)(ii) (2019); *see also Flores-Chavez*, 362 F.3d at 1156 (describing such motions as a "critical safeguard" that protect "aliens who did not receive adequate notice").

[5]  Immigration Judges may also continue removal proceedings if they determine that there is "good cause" to do so—for example, where additional information needs to be gathered to determine whether an in absentia order of removal is appropriate. *Matter of L-A-B-R-*, 27 I&N Dec. 405, 407 (A.G. 2018).

counsel are not evidence and are not entitled to evidentiary weight).  Amici's arguments and anecdotal evidence do not establish that the Migrant Protection Protocols, as they have been applied in this case, violated the respondent's right to due process.  Nor have they shown that the protocols are facially invalid such that termination is warranted in every case involving an alien who has been returned to Mexico pursuant the protocols and later fails to appear for his or her hearing.

Termination of the proceedings was not warranted in this case because there was no legal basis to do so.  *See Matter of S-O-G- & F-D-B-*, 27 I&N Dec. at 468.  As noted, the filing of the notice to appear vested the San Diego Immigration Court with adjudicatory authority over the respondent's removal proceedings, and the DHS opposed termination and did not move to dismiss the notice to appear pursuant to 8 C.F.R. §§ 239.2(a) and 1239.2(c) (2019).  *See Matter of J-A-B- & I-J-V-A-*, 27 I&N Dec. 168, 171 (BIA 2017) (reversing an Immigration Judge's termination order that impinged "upon the [DHS's] exclusive authority to control the prosecution of [removable] aliens" (alterations in original) (citation omitted)).  Moreover, the Immigration Judge did not permit the DHS to present evidence regarding the respondent's removability below, so he had no basis for concluding that the DHS had not sustained the charges of removability.

We will therefore reinstate the respondent's removal proceedings and remand the record.  The Immigration Judge should have granted the DHS's request to proceed with an in absentia hearing.  On remand, if the DHS establishes the respondent's removability based on the facts and the evidence, the Immigration Judge should enter an order of removal.  *Matter of Sanchez-Herbert*, 26 I&N Dec. at 45.  Accordingly, the DHS's appeal will be sustained, the Immigration Judge's decision will be vacated, the respondent's removal proceedings will be reinstated, and the record will be remanded for further proceedings.

**ORDER:**  The appeal is sustained, the Immigration Judge's decision is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.