# Matter of Mario Alberto LAURENT CASTRO, Respondent

*Decided by Board December 30, 2025[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where the respondent did not appear at a hearing, was properly served with notice of the missed hearing, and the Department of Homeland Security provided evidence of the respondent's removability, the Immigration Judge erred in continuing removal proceedings rather than entering an in absentia removal order.

FOR THE RESPONDENT:  Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Jessica E. Long, Assistant Chief Counsel

BEFORE:  Board Panel:  OWEN and GALLOW, Appellate Immigration Judges; PICOS, Temporary Appellate Immigration Judge.

OWEN, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") has filed an interlocutory appeal from the Immigration Judge's October 14, 2025, decision sua sponte continuing these removal proceedings to a later date.  As a general rule, the Board does not entertain interlocutory appeals.  *See Matter of M-D-*, 24 I&N Dec. 138, 139 (BIA 2007).  However, in this case, we determine that it is appropriate to take jurisdiction over this interlocutory appeal.  DHS' appeal will be sustained, the order continuing these proceedings will be vacated, and the record will be remanded.

On October 14, 2025, the respondent failed to appear at the initial master calendar hearing.  DHS moved to proceed in absentia and argued before the Immigration Judge that the respondent was properly served with the notice to appear by regular mail, and the Record of Deportable/Inadmissible Alien (Form I-213) established the respondent's removability.  *See* section 240(b)(5)(A) of the Immigration and Nationality Act ("INA"),

---

[1]  Pursuant to Order No. 6585-2026, dated January 23, 2026, the Attorney General designated the Board's decision in *Matter of Laurent Castro* (BIA Dec. 30, 2025), as precedent in all proceedings involving the same issue or issues.  *See* 8 C.F.R. § 1003.1(g)(3) (2025).  Editorial changes have been made consistent with the designation of the case as a precedent.

8 U.S.C. § 1229a(b)(5)(A) (2024) (stating that after proper written notice has been provided to the alien or the alien's counsel of record, an alien who does not attend a hearing shall be ordered removed in absentia if DHS establishes by clear, unequivocal, and convincing evidence that the written notice was provided and the alien is removable); 8 C.F.R. § 1003.26(c) (2025); *see also Matter of G-Y-R-*, 23 I&N Dec. 181, 187–88 (BIA 2001) (holding that once an alien is aware of his responsibility to keep his address updated, an Immigration Judge may proceed with the hearing and order the alien removed in absentia if he fails to appear). The Immigration Judge denied DHS' request to proceed in absentia and instead sua sponte continued the removal proceedings to November 25, 2025. On November 24, 2025, the Immigration Judge issued a notice of hearing resetting the master calendar hearing to January 6, 2027.

Section 240(b)(5)(A) of the INA, 8 U.S.C. § 1229a(b)(5)(A), provides that the respondent, after receiving written notice of removability under section 239(a)(1) or (2) of the INA, 8 U.S.C. § 1229(a)(1), (2) (2024), shall be ordered removed in absentia if he or she does not attend his or her removal hearing and DHS establishes that it provided the respondent written notice of removability. The written notice "shall be considered sufficient . . . if provided at the most recent address provided under section 239(a)(1)(F)" of the INA, 8 U.S.C. § 1229(a)(1)(F). INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). "[T]he purpose of in absentia proceedings is to determine whether the DHS can meet its burden to establish that the alien, who did not appear, received proper notice and is removable as charged." *Matter of Sanchez-Herbert*, 26 I&N Dec. 43, 44 (BIA 2012). The use of the term "shall" in section 240(b)(5)(A) of the INA, 8 U.S.C. § 1229a(b)(5)(A), indicates that the requirement that an Immigration Judge proceed in absentia is mandatory. *See* 8 C.F.R. § 1003.26(c)(2) (stating that an alien shall be ordered removed in absentia if, among other things, it is established that he or she received "written notice of the time and place of proceedings and written notice of the consequences of failure to appear").

Here, DHS demonstrated that proper notice of the hearing had been provided to the respondent, as the notice to appear containing that information was properly served by mail, as evidenced in the certificate of service. The notice to appear was mailed to the respondent's last known address and there is no indication that it was not received. *See Matter of M-R-A-*, 24 I&N Dec. 665, 673 (BIA 2008) (holding that where a notice to appear or notice of hearing is properly addressed and sent by regular mail according to normal office procedures, there is a presumption of delivery). Thus, the respondent was properly notified of the time, date, and location of his immigration hearing. DHS filed a Form I-213, providing clear and

convincing evidence of removability, and moved to proceed in absentia. Under these circumstances, an in absentia hearing should have been held. The Immigration Judge did not set forth any compelling reasons for resetting the matter for a new hearing where DHS had already established removability. Accordingly, the following orders will be entered.

**ORDER:** DHS' appeal is sustained, and the Immigration Judge's October 14, 2025, order continuing these proceedings is vacated.

**FURTHER ORDER:** The record is remanded for further proceedings consistent with this decision.