# Matter of Y-H-L-, Respondent

*Decided by Board May 8, 2026[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Reconsideration is not warranted where the respondent has not shown error in the Board's determination that the Immigration Judge properly required corroboration of credible but unpersuasive testimony and properly found that corroboration of an alleged forced abortion in China was reasonably available.

(2) The respondent did not demonstrate ineffective assistance of counsel because it was not unreasonable for counsel to rely on a certified translation of evidence that was submitted by the respondent's prior counsel.

FOR THE RESPONDENT: Theodore N. Cox, Esquire, New York, New York

BEFORE: Board Panel: GORMAN, Deputy Chief Appellate Immigration Judge, GOODWIN, Appellate Immigration Judge, and MCCLOSKEY, Temporary Appellate Immigration Judge.

MCCLOSKEY, Temporary Appellate Immigration Judge:

This case was last before us on March 18, 2025, when we dismissed the respondent's appeal from the Immigration Judge's June 9, 2020, decision denying her applications for asylum and withholding of removal. Sections 208(b)(1)(A) and 241(b)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A) (2018). The respondent, a native and citizen of the People's Republic of China, has filed a timely motion to reconsider and timely motion to reopen. INA § 240(c)(6)(B), (c)(7)(C)(i), 8 U.S.C. § 1229a(c)(6)(B), (c)(7)(C)(i) (2024). The Department of Homeland Security ("DHS") has not responded to either motion. The motions will be denied.

The respondent testified that she was forced to abort her third pregnancy after giving birth to two children in China, and hospital officials told her to return for a tubal ligation. On appellate review, we affirmed the Immigration

---

[1] Pursuant to Order No. 6933-2026, dated June 15, 2026, the Acting Attorney General designated the Board's decision in *Matter of Y-H-L-* (BIA May 8, 2026), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2026). Editorial changes have been made consistent with the designation of the case as a precedent.

Judge's determination that the respondent's testimony was unpersuasive and she did not provide reasonably available evidence to corroborate her claim. *See* INA §§ 208(b)(1)(B)(ii), 241(b)(3)(C), 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C); *see also Liu v. Holder,* 575 F.3d 193, 196 (2d Cir. 2009) (acknowledging that an Immigration Judge may require corroboration of even credible testimony); *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018) (explaining that an applicant's "testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available"). The respondent now moves us to reconsider our decision.

We will deny the motion to reconsider, as the respondent has not identified an error of fact or law in our previous order. INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C); *see also* 8 C.F.R. § 1003.2(b)(1) (2026). In her motion to reconsider, the respondent contends that the Board erred by affirming the Immigration Judge's corroboration requirement based on the respondent's failure to submit medical records from China. The respondent cites to *Pinel-Gomez v. Garland*, 52 F.4th 523 (2d Cir. 2022), wherein the United States Court of Appeals for the Second Circuit held that an Immigration Judge's determination to deny a respondent's claim for lack of corroboration should have two components: (1) the Immigration Judge must determine that a respondent should provide evidence that corroborates otherwise credible testimony, and (2) the Immigration Judge must then determine whether the necessary corroborating evidence is in the respondent's possession or the respondent could reasonably obtain it. *Id.* at 529. The respondent argues that the Immigration Judge's analysis does not contain both of these components and thus the Board erred by affirming the Immigration Judge's finding of insufficient corroboration. We disagree.

In the instant case, the Immigration Judge found that the respondent's testimony was unpersuasive and thus she should provide evidence to corroborate her otherwise credible testimony. We concluded that the Immigration Judge properly accorded the respondent's testimony limited weight in light of evidence submitted by DHS. The respondent's arguments in the motion do not persuade us of error in that conclusion, and thus we again affirm the Immigration Judge's determination that the respondent should provide corroborating evidence considering the limited weight and persuasiveness of her testimony. *See Pinel-Gomez*, 52 F.4th at 529–30 (holding that the Board reviews de novo the threshold determination that corroborating evidence is required).

The Immigration Judge further found that the respondent did not adequately corroborate her claim that she underwent a forced abortion. The

Immigration Judge credited the testimony of an Asylum Officer who testified that, in fraudulent cases with the same general fact pattern as the respondent's, the applicants could not produce any checkup books or medical records that would have been generated if an abortion or follow-up visits had occurred. By crediting this testimony, the Immigration Judge implicitly found that checkup books or medical records would be generated and reasonably obtainable in non-fraudulent Chinese asylum claims involving forced abortion. DHS counsel confronted the respondent about the lack of such evidence in the record and gave her the opportunity to explain. The Immigration Judge concluded that "considering the respondent's unpersuasive testimony and the lack of *reasonably obtainable documentation*, the respondent failed to satisfy her burden of proof." In so stating, the Immigration Judge found that documentation such as checkup books or medical records was reasonably obtainable in the respondent's case, yet was not provided, and we discern no clear error in that determination. *See Cooper v. Harris*, 581 U.S. 285, 293 (2017) (holding that, on clear error review, "[a] finding that is 'plausible' in light of the full record—even if another is equally or more so—must govern" (citation omitted)). We conclude that the Immigration Judge complied with *Pinel-Gomez*, as he made sufficient findings to satisfy both the requisite components for a lack of corroboration determination under Second Circuit law. *Pinel-Gomez*, 52 F.4th at 529.

Furthermore, we are not persuaded that the respondent's 2012 American gynecological records are sufficient corroborating evidence of her alleged 2007 abortion in China. While counsel offers his interpretation of the respondent's medical documents, statements of counsel are not evidence, and the record does not contain sufficient evidence to support counsel's interpretation. *See Matter of Mariscal-Hernandez*, 28 I&N Dec. 666, 673 (BIA 2022); *Matter of J.J. Rodriguez*, 27 I&N Dec. 762, 765–66 (BIA 2020).

Finally, for the reasons explained in our prior decision, we are not persuaded that the Immigration Judge was required to confront the respondent with the inconsistency regarding the hospital's alleged threat of sterilization, as the inconsistency was obvious from the record evidence which she herself submitted and should not have taken the respondent by surprise. For the foregoing reasons, we will deny the motion to reconsider.

The respondent also argues separately in a motion to reopen that the success of her application for asylum and withholding of removal was directly impacted by two of her prior attorneys, Attorney Gavlin and

Attorney Zhang.[2]  She asserts that both attorneys acted incompetently by failing to identify and correct a translation error in a letter from her ex-boyfriend, and by failing to advocate that the proper evidentiary weight be assigned to her corroborating letters and medical records.  The motion further asserts that Attorney Gavlin failed to effectively address DHS' suggestion that the respondent's claim was fraudulent because her application bore similarities to other applications prepared by one of her prior attorneys, who was convicted of fraud.

We are not persuaded that Attorney Gavlin or Attorney Zhang provided ineffective assistance.  The respondent submitted the certified translation of her ex-boyfriend's letter in 2011, before either attorney entered an appearance in her case.  Considering that the translation was certified as true and accurate, it was not unreasonable for the respondent's attorneys to have relied upon it.  Counsel can reasonably rely upon a translation that is certified as true and accurate by a translator who certifies their competence in the foreign language.  Moreover, the respondent has not provided persuasive evidence of the alleged translation error, as the alternative translation accompanying the motion is not certified.

Regarding the respondent's remaining allegations against her prior attorneys, the arguments presented on appeal are not sufficient to establish that either Attorney Gavlin or Attorney Zhang rendered ineffective assistance or a reasonable likelihood that the result of the proceeding would have been different if the alleged errors had not occurred.  For the foregoing reasons, we will deny the motion to reopen.

Accordingly, the following orders will be entered.

**ORDER:**  The motion to reconsider is denied.

**FURTHER ORDER:**  The motion to reopen is denied.

**NOTICE:**  If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary

---

[2]  Although the respondent's motion refers to "Attorney Gavil," our records reflect that the correct spelling of the attorney's last name is Gavlin.

penalty of up to $998 for each day the respondent is in violation. *See* section 274D of the INA, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026). Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).