# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3309

_____

Dento Shuaibu,

        Petitioner,

v.

Alberto Gonzales,[1] Attorney General
of the United States,

        Respondent.

\* Petition for Review of an
\* Order of the Board of
\* Immigration Appeals.

_____

Submitted:  September 21, 2005
Filed:  October 18, 2005

_____

Before MURPHY, HEANEY, and MELLOY, Circuit Judges.

_____

HEANEY, Circuit Judge.

Dento Shuaibu seeks review of a final order of removal issued by the Board of Immigration Appeals on August 27, 2004.  The Board's order affirmed without opinion the immigration judge's (IJ) decision, denying petitioner's request for asylum

_____

[1]Alberto Gonzales has been appointed to serve as Attorney General of the United States, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

and withholding of removal, and protection under the Convention Against Torture. We deny the petition.

## Background

Shuaibu attempted to enter the United States using a false British passport in the name of Paul Darlington on April 9, 2001. He was stopped by Immigration and Naturalization Service (INS) officers at the Miami International Airport.[2] The INS placed petitioner in removal proceedings on April 17, 2001. Petitioner conceded that he was subject to removal, and prompted by a credible fear determination by the INS,[3] he filed an application for asylum and withholding of removal, as well as relief under the Convention Against Torture. The INS referred petitioner's asylum application to the immigration court with the filing of a notice to appear. Shuaibu's asylum application focused on past persecution because he claimed that his father, a Liberian military officer, and his sister, had been killed by government forces based upon their imputed political opinion. Shuaibu also claimed a well-founded fear of future persecution upon his return to Liberia on the basis of his and his family's political opinions, and their opposition to the Doe regime. On May 9, 2003, the IJ denied petitioner's application for asylum and related relief, and ordered him removed without specifying to which country Shuaibu should return. Shuaibu's principal argument is that he should not be returned to Liberia.[4]

---

[2]On March 1, 2003, services formerly provided by the Immigration and Naturalization Service transitioned into the Department of Homeland Security as U.S. Citizenship and Immigration Services.

[3]An immigration officer made a preliminary determination that petitioner had a credible fear of persecution in Liberia, and he was paroled into the United States. Later, petitioner was granted a deferred enforcement departure as a Liberian.

[4]According to the record, Shuaibu is not in custody.

## Discussion

We review denials of asylum under the substantial evidence standard. <u>Zheng v. Gonzales</u>, 415 F.3d 955, 959 (8th Cir. 2005). After a careful review of the record and the briefs submitted by the parties, we agree that the substantial evidence on the record as a whole does not support Shuaibu's claim that he suffered past persecution on the basis of his political opinions, or that if he is returned to Liberia, he has a well-founded fear of future persecution because of his family's opposition to the Doe regime. The IJ found that Shuaibu's testimony was not credible,[5] and we cannot say that finding is unsupported by the record.

Of course, a finding that Shuaibu is not currently eligible for asylum and related relief does not end the matter. We pause briefly to address the issue of

---

[5]The IJ stated:

> In summary, the Court doesn't find this respondent to be a very credible witness. He has . . . done nothing to provide any corroboration for his claim. . . . No satisfactory explanation has been given by the respondent as to why he would have a counterfeit Liberian birth certificate.
>
> This is a case without any objective corroboration, so the respondent's credibility is at the core of the case. . . .
>
> Simply put, for this Court to find that this respondent would have either a well-founded fear of persecution in Liberia, or face a probability of persecution or torture in that country, would be to create a claim out of whole cloth. The evidence that the respondent has presented is so minimal and so sketchy and so ill-supported that no claim can be sustained on this under any form of relief.

Appellant's App. at 25-26.

Shuaibu's removal.[6] We are aware of the fact that the IJ does not identify the nation to which Shuaibu should be removed. As an arriving alien, Shuaibu's removal is governed by 8 U.S.C. § 1231(b)(1). As relevant to this case, the Attorney General must first attempt to remove the alien to the country in which he boarded the airplane that brought him to the United States. § 1231(b)(1)(A). Shuaibu arrived in the United States on a flight that originated in Lagos, Nigeria on April 8, 2001. If Nigeria will not accept Shuaibu, the Attorney General must then attempt to remove Shuaibu to: 1) a country where he is a citizen, subject, or national; 2) the country in which he was born; or 3) any country in which he maintains a residence. § 1231(b)(1)(C)(i-iii). If there remains no suitable destination, the Attorney General may send the alien to a country whose government will accept Shuaibu. § 1231(b)(1)(C)(iv).

Although Shuaibu claimed he was a Liberian citizen, the IJ found this assertion incredible. Indeed, the IJ concluded that Shuaibu had only "minimal connections to Liberia." (Appellant's App. at 23.) Thus, he cannot be removed to that country. See Palavra v. INS, 287 F.3d 690, 694 (8th Cir. 2002) (holding that BIA failed to perform its fact-finding function in determining that aliens were citizens and nationals of Croatia and ordering them removed to Croatia, when aliens claimed to be Bosnian citizens). Shuaibu admitted that he was born in Ghana and held citizenship from that country, which appears to make Ghana a suitable destination if that country accepts him. That matter is left to the Attorney General's discretion, subject to our recognition that the IJ's own findings preclude the Agency from returning Shuaibu to Liberia.

_____

[6]There is evidence in the record that Shuaibu has married a United States citizen. We express no opinion as to whether this change in circumstances alters Shuaibu's status in the United States.