## Matter of Juana ROSALES VARGAS, Respondent
## Jonathan Jair ROSALES ROSALES, Respondent

*Decided January 9, 2020*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A notice to appear that does not include the address of the Immigration Court where the Department of Homeland Security will file the charging document, *see* 8 C.F.R. § 1003.15(b)(6) (2019), or include a certificate of service indicating the Immigration Court in which the charging document is filed, *see* 8 C.F.R. § 1003.14(a) (2019), does not deprive the Immigration Court of subject matter jurisdiction.

FOR RESPONDENT: Martha L. Cordoba, Esquire, San Leandro, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Zina Spektor, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, Acting Chairman; LIEBOWITZ, Board Member; NOFERI, Temporary Board Member.

LIEBOWITZ, Board Member:

In a decision dated June 27, 2019, an Immigration Judge terminated the respondents' removal proceedings based on their defective notices to appear. The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained, the proceedings will be reinstated, and the record will be remanded for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondents are a mother and son who are natives and citizens of Mexico. They concede that they were served with notices to appear dated August 13, 2015, which did not specify the time, date, or place of their initial removal hearing. The record contains notices of hearings dated November 21, 2015, which informed the respondents that their initial hearing was to be held on December 7, 2015, at 1:00 p.m. in the Los Angeles Immigration Court and included the address of the court.[1]

---

[1] The record reflects that the respondents appeared at the December 7, 2015, hearing and that the Immigration Judge ordered venue to be changed to the San Francisco Immigration Court.

On June 27, 2019, the day of the scheduled individual calendar hearings, the respondents moved to terminate the removal proceedings. They argued that the court was without jurisdiction because their notices to appear did not include the address of the Immigration Court, citing 8 C.F.R. § 1003.15(b)(6) (2019),[2] which states that the address where "the Service will file" the notice to appear must be included in the notice to appear.[3]

The Immigration Judge agreed that the address of the Immigration Court is "one of the required items" under 8 C.F.R. § 1003.15(b), "the regulation which governs the Immigration Court's jurisdiction." She found that because the notices to appear omitted the court's address, she was without jurisdiction over the proceedings. Thus, she granted the respondents' motion to terminate.

The DHS argues that the Immigration Judge's decision is inconsistent with *Matter of Bermudez-Cota*, 27 I&N Dec. 441 (BIA 2018), where we interpreted the applicable regulations, and with *Karingithi v. Whitaker*, 913 F.3d 1158, 1159–62 (9th Cir. 2019), where the United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises, deferred to our interpretation. Relying on 8 C.F.R. § 1003.18 (2019), the DHS contends that the defective notices to appear were remedied when notices of hearing providing the time, date, and place of the hearing were later sent to the respondents.[4]

The respondents counter that jurisdiction over these proceedings did not vest with the Immigration Court because the notices to appear did not (1) give

---

[2]    The regulation at 8 C.F.R. § 1003.15(b) provides in pertinent part:

> The Order to Show Cause and Notice to Appear must also include the following information:
>   . . .
>     (6)  The address of the Immigration Court where the Service will file the Order to Show Cause and Notice to Appear . . . .

[3]    On March 1, 2003, the functions of the former Immigration and Naturalization Service were transferred from the Department of Justice to the DHS. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135. However, not all of the regulations have been amended to reflect this redesignation.

[4]    The regulation at 8 C.F.R. § 1003.18(b) provides as follows:

> In removal proceedings pursuant to section 240 of the Act, the Service shall provide in the Notice to Appear, the time, place and date of the initial removal hearing, where practicable. If that information is not contained in the Notice to Appear, the Immigration Court shall be responsible for scheduling the initial removal hearing and providing notice to the government and the alien of the time, place, and date of hearing.

them notice of the address of the Immigration Court where the DHS would be filing their notices to appear, as required by 8 C.F.R. § 1003.15(b)(6), or (2) include a certificate showing that they were served with information indicating the Immigration Court where the DHS would be filing their notices to appear, pursuant to 8 C.F.R. § 1003.14(a) (2019).[5] The respondents contend that the subsequent notices of hearing providing the address of the Immigration Court cannot cure the above deficiencies in their notices to appear.

The issues before us, therefore, involve the consequences of service of a notice to appear that does not include the address of the Immigration Court or include a certificate of service indicating the Immigration Court where the DHS will file the notice to appear. Specifically, we must decide whether the Immigration Court is deprived of subject matter jurisdiction because of a deficient notice to appear. We conclude that the regulations at issue are "claim-processing" or "internal docketing" rules, which do not implicate subject matter jurisdiction, and that a deficiency in the notice to appear can be remedied by providing the information required by the regulations in a later notice of hearing.

## II.  ANALYSIS

In finding that she lacked jurisdiction, the Immigration Judge relied on *Karingithi v. Whitaker*, which resulted from litigation following the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). The Court in *Pereira* held that a notice to appear that does not specify the time or place at which proceedings will be held, as required by section 239(a)(1)(G)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1229(a)(1)(G)(i) (2012),

---

[5]  The regulation at 8 C.F.R. § 1003.14(a) provides:

> Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service. The charging document must include a certificate showing service on the opposing party pursuant to § 1003.32 which indicates the Immigration Court in which the charging document is filed. However, no charging document is required to be filed with the Immigration Court to commence bond proceedings pursuant to §§ 1003.19, 1236.1(d) and 1240.2(b) of this chapter.

The regulations recognize a notice to appear as a "charging document." 8 C.F.R. § 1003.13 (2019) (defining a "charging document" as "the written instrument which initiates a proceeding before an Immigration Judge"); *see also Karingithi*, 913 F.3d at 1159–60. Regarding the certificate of service, 8 C.F.R. § 1003.32(a) (2019) states, "A certification showing service on the opposing party or parties on a date certain shall accompany any filing with the Immigration Judge unless service is made on the record during the hearing."

does not trigger the "stop-time" rule for purposes of cancellation of removal. *Id.* at 2110.

Subsequent to that decision, litigants argued that a notice to appear that did not contain the time, date, or place of a hearing deprived an Immigration Judge of jurisdiction over the case. We dismissed this argument in *Matter of Bermudez-Cota* and held that the Supreme Court's reasoning in *Pereira* only informs the application of the "stop-time" rule and cannot be read to mean that a notice to appear that does not specify the time, date, or place of removal proceedings does not vest jurisdiction with the Immigration Court. *Matter of Bermudez-Cota*, 27 I&N Dec. at 442–44. In addition, we held that a notice to appear that does not specify the time and place of the hearing can be remedied by the service of a subsequent notice of hearing that includes the required information. *Id*. at 445–47.

The Ninth Circuit deferred to our holding in *Matter of Bermudez-Cota*, declining to extend *Pereira*'s narrow holding beyond the context of the "stop-time" rule. *Karingithi*, 913 F.3d at 1160–62. Emphasizing that the Immigration Judge's jurisdiction over removal proceedings is governed by the regulations, the court stated that our interpretation of the regulations was consistent with its own. The court agreed that a notice to appear that does not specify the time and date of the proceedings is sufficient to vest jurisdiction in the Immigration Court when an alien is later served with a notice containing that information. Finding that the alien's notice to appear satisfied the regulatory requirements, the court held that the Immigration Judge had jurisdiction over the proceedings. Notably, the Ninth Circuit did not explicitly address the specific issue raised here—whether a notice to appear that does not include the address of the Immigration Court where the notice to appear will be filed is sufficient to vest jurisdiction in the court.[6]

## A. Jurisdiction

We are unpersuaded by the respondents' arguments that the Immigration Court lacks jurisdiction because their notices to appear did not comply with the requirements of 8 C.F.R. §§ 1003.14(a) and 1003.15(b)(6). Initially, we note that while the first sentence of 8 C.F.R. § 1003.14(a) states that jurisdiction vests when a charging document is filed, it provides no other specifications regarding the scope of the document. *See Matter of L-E-A-*, 27 I&N Dec. 581, 586 (A.G. 2019) (observing that "the relevant jurisdictional regulation, 8 C.F.R. § 1003.14(a), 'does not specify what information must be contained in a "charging document" at the time it is filed

---

[6]  Subsequent to *Karingithi*, the Ninth Circuit issued *Lopez v. Barr*, 925 F.3d 396 (9th Cir. 2019), which also analyzed the sufficiency of a notice to appear in the context of the "stop-time" rule and did not address the issue presented in this case.

with an Immigration Court'" (quoting *Matter of Bermudez-Cota*, 27 I&N Dec. at 445)).

Moreover, nothing in 8 C.F.R. § 1003.15(b)(6) mandates that the address of the Immigration Court is a jurisdictional requirement or that it cannot be provided subsequent to the service of the notice to appear. *See id.* at 586 ("[N]either the [Act] nor 8 C.F.R. § 1003.15 specifies that the notice to appear must contain . . . details about [the time and place of] the first hearing.").[7]  Rather, § 1003.15(b)(6) is properly read in conjunction with other regulations as setting forth "claim-processing" or "internal docketing" rules[8] that are intended to provide aliens with notice of the location of their hearings and to facilitate communication with the court where the DHS anticipates filing the notice to appear. *See, e.g.*, 8 C.F.R. § 1003.20(a) (2019) ("Venue shall lie at the Immigration Court where jurisdiction vests pursuant to § 1003.14.").

The regulatory history of 8 C.F.R. § 1003.15 supports this interpretation. The regulation was part of a group of administrative procedure rules that were amended in 1992.  Executive Office for Immigration Review; Rules of Procedures, 57 Fed. Reg. 11,568 (Apr. 6, 1992) (interim rule with request for comments). The Supplementary Information accompanying the interim rule states:

> This new section [then designated § 3.15] clarifies and expands the information to be contained in the Order to Show Cause.  Inclusion of this information will add to a more efficient and accurate administrative handling of the case.  The identifying information will be provided by the Service to assist in the administrative processing of cases by the Office of the Immigration Judge.

---

[7]  Several district courts within the jurisdiction of the Ninth Circuit have specifically addressed this issue in cases where a defendant was criminally charged with illegal reentry under section 276 of the Act, 8 U.S.C. § 1326 (2012), and collaterally attacked the underlying removal order.  The rulings of these courts are inconsistent. *Compare U.S.A. v. Medina*, No. CR 18-653-GW, 2019 WL 4462701, at *13 (C.D. Cal. Sept. 4, 2019) (holding that a notice to appear that is deficient under 8 C.F.R. § 1003.15(b) does *not* deprive the Immigration Court of jurisdiction), *and United States v. Arteaga-Centeno*, No. 18-cr-00332-CRB-1, 2019 WL 3207849, at *7 (N.D. Cal. July 16, 2019) (same), *with United States v. Gutierrez-Ramirez*, No. 18-cr-00422-BLF-1, 2019 WL 3346481, at *6 (N.D. Cal. July 25, 2019) (holding that such a notice to appear *does* deprive the Immigration Court of jurisdiction).  We are not bound to follow the published decisions of a district court, even in cases arising in the same judicial district. *See Matter of K-S-*, 20 I&N Dec. 715, 718–19 (BIA 1993).

[8]  "Claim-processing" or "internal docket" rules "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *United States v. Cortez*, 930 F.3d 350, 361 (4th Cir. 2019) (citation omitted).

*Id.* at 11,568–69 (Supplementary Information).

It is appropriate to read 8 C.F.R. § 1003.15(b), not in isolation, but in the context of the other internal docketing, procedural, and venue rules for the Immigration Courts in the regulations. Thus, 8 C.F.R. § 1003.12 (2019), entitled "Scope of rules," states: "These rules are promulgated to assist in the expeditious, fair, and proper resolution of matters coming before Immigration Judges." The rule at 8 C.F.R. § 1003.15(b)(6) was promulgated as one of a number of procedural rules that govern the Immigration Courts. As the Summary accompanying the interim rules stated, "The rules of procedure are interrelated. Unless specifically noted to the contrary, each rule of procedure is intended to be construed harmoniously with existing regulations under this chapter." 57 Fed. Reg. at 11,568.

We should read 8 C.F.R. § 1003.15(b)(6) in conjunction with 8 C.F.R. § 1003.18(b), which provides that the notice to appear should provide the "time, place and date of the initial removal hearing, where practicable."[9] If that information is not contained in the notice to appear, the Immigration Court is responsible for scheduling the initial removal hearing and providing notice to the Government and the alien of the time, date, and place of the hearing. Thus, the regulation anticipates that when the address of the Immigration Court is not included in the notice to appear, the court can provide notice of that information at a later time. Accordingly, we hold that a notice to appear that does not include the address of the Immigration Court can be remedied by a subsequent notice of hearing that includes that information. Under this approach, an alien is not deprived of any fundamental information regarding where to appear for a hearing or to file documents.

Our interpretation is consistent with *Karingithi* and subsequent decisions of the Ninth Circuit. *See Deocampo v. Barr*, 766 F. App'x 555, 557 n.3 (9th Cir. 2019) ("Although *Karingithi* did not consider 'place,' 8 C.F.R. § 1003.18 lists 'place' alongside 'time' and 'date' as information that can be included 'where practicable.'"); *Moran v. Barr*, 766 F. App'x 537, 540 (9th Cir. 2019) (stating that *Karingithi* rejected the notion that a notice to appear's "failure to state the time or place of an alien's initial removal hearing renders the [Immigration Judge] without jurisdiction over the alien's removal proceedings"). As noted above, *Karingithi* did not consider the precise issue

---

[9]  For purposes of our analysis, we understand the place of the hearing to encompass the address of the Immigration Court where the notice to appear is filed. We note that the accompanying regulations explain that "[a]ll documents and correspondence pertaining to a Record of Proceeding [should] be filed with the Immigration Court having administrative control over that Record of Proceeding." 8 C.F.R. § 1003.11 (2019). "A list of administrative control Immigration Courts with their assigned geographical areas [is] made available to the public at any Immigration Court." *Id.*

before us, namely, the consequences of omitting the "place" information from the notice to appear, or whether termination would be the appropriate remedy. Moreover, it acknowledged the interplay of the regulations and deferred to *Bermudez-Cota*, where we specifically stated that the place of hearing can be provided after the issuance of the notice to appear. *Karingithi*, 913 F.3d at 1159–62.

We recognize, however, that the *Karingithi* court labelled 8 C.F.R. § 1003.14 "jurisdictional" and emphasized the cross-reference to 8 C.F.R. § 1003.15(b). *Karingithi*, 913 F.3d at 1159–60. Therefore, even though we do not read § 1003.15(b) as setting forth a jurisdictional requirement, we also take this opportunity to further examine § 1003.14. This regulation is entitled "Jurisdiction and commencement of proceedings" and includes the word "jurisdiction" in its first sentence. However, the term "jurisdiction" is not limited to subject matter jurisdiction, and we have never specifically considered whether this regulation implicates the subject matter jurisdiction of the Immigration Courts.[10]

To inform our analysis, we consider that following *Pereira*, a number of circuit courts have specifically explained why 8 C.F.R. § 1003.14(a) does not implicate subject matter jurisdiction but, instead, is a claim-processing rule. *See Lopez-Munoz v. Barr*, 941 F.3d 1013, 1016 (10th Cir. 2019) ("Because the Attorney General could not restrict an immigration judge's jurisdiction through a regulation, 8 C.F.R. § 1003.14 does not establish immigration judges' jurisdiction."); *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1155 (11th Cir. 2019) (holding that "8 C.F.R. § 1003.14, despite its language, sets forth not a jurisdictional rule but a claim-processing one"); *Pierre-Paul v. Barr*, 930 F.3d 684, 693 (5th Cir. 2019) (same); *United States v. Cortez*, 930 F.3d 350, 358–59, 361 (4th Cir. 2019) (holding same and stating that 8 C.F.R. § 1003.14(a) is a claim-processing rule because it "lay[s] out the procedural steps that must be taken to docket a case before an immigration judge"); *Ortiz-Santiago v. Barr*, 924 F.3d 956, 963 (7th Cir. 2019) (stating, with reference to 8 C.F.R. § 1003.14, that while "an agency may adopt rules and processes to maintain order, it cannot define the scope of its power to hear cases").

These cases all essentially rely on the Supreme Court's recognition that the term "jurisdiction" is used to mean different things and caution against the imprecise use of the term. *See Union Pac. R.R. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment*, 558 U.S. 67, 81–85 (2009).

---

[10] In *Matter of Bermudez-Cota*, we did not address or decide whether our reference to the term "jurisdiction" implicates the subject matter jurisdiction of the Immigration Courts. We read *Karingithi* the same way. *See Karingithi*, 913 F.3d at 1162 ("[W]e do not decide whether jurisdiction would have vested if [the alien] had not received [the time and place of her hearing] in a timely fashion.").

The term "jurisdiction" can refer to "subject matter jurisdiction," which defines a court's power to decide a case, to which objections cannot be waived. It can also mean a claim-processing rule that does not alter a court's power or authority to hear a case, to which objections can be forfeited or waived. The Court has observed, "Not all mandatory 'prescriptions, however emphatic, are . . . properly typed jurisdictional[]' . . . . ." *Id.* at 81 (citation omitted) (providing examples of mandatory prescriptions that appear to be jurisdictional, but are actually claim-processing rules).

Informed by the principles of administrative law and considering the regulation in context, we consider "jurisdiction," as it is used in 8 C.F.R. § 1003.14(a), to be a claim-processing rule, not a rule implicating subject matter jurisdiction. *See, e.g.*, *United States v. Rivera Lopez*, 355 F.Supp.3d 428, 439 (E.D. Va. 2018) (stating that § 1003.14(a) is "focused not on the immigration court's fundamental power to act but rather on 'requiring that the parties take certain procedural steps at certain specified times,' which weighs in favor of finding that the requirement is more like a 'claim-processing' rule than a genuine jurisdictional requirement" (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435–36 (2011))).

The regulatory history shows that 8 C.F.R. § 1003.14 and the related regulations, including § 1003.15, were promulgated as procedural rules for the Immigration Courts. They serve to outline the steps needed to docket a case in a particular Immigration Court and to ensure the efficient administrative handling of cases within the Executive Office for Immigration Review. *See* Aliens and Nationality; Rules of Procedure for Proceedings Before Immigration Judges, 52 Fed. Reg. 2931, 2931 (Jan. 29, 1987) (Supplementary Information) ("Adoption of these regulation changes will provide EOIR with the ability to utilize its resources efficiently by ensuring optimal scheduling of matters on its hearing calendars."). We interpret this regulatory history in light of the DHS's need to have control over when charging documents are filed with the Immigration Court to manage its resources.[11] *See Matter of S-O-G- & F-D-B-*, 27 I&N Dec. 462, 465 (A.G. 2018) ("The [Act] vests DHS with the exclusive authority to place aliens in removal proceedings."); *Matter of Ordaz*, 26 I&N Dec. 637, 641 (BIA 2015) (noting that the DHS has the "sole discretion" to commence removal proceedings).

---

[11] We also point out that under the respondents' interpretation of the regulations, any removal proceeding initiated by a notice to appear without the address of the Immigration Court where the notice to appear was or will be filed would be ultra vires. This would include proceedings involving grants of relief, as well as those in the procedural posture of this case.

## B.  Certificate of Service

The respondents also assert that their notices to appear are deficient pursuant to the second sentence of 8 C.F.R. § 1003.14(a), which states that the "charging document must include a certificate showing service on the opposing party . . . which indicates the Immigration Court in which the charging document is filed."  This sentence, which does not refer to jurisdiction, is also best viewed as a claim-processing rule.  It is one of a group of internal docketing rules, or procedural or venue provisions, that provide aliens with notice of the location of their hearings and facilitate communications with the court where the DHS anticipates filing the notice to appear.  The regulatory history reveals that this sentence was added along with 8 C.F.R. § 1003.15(b), and other procedural rules in 1992 to "promote increased efficiency in operations, while responding to observations regarding more effective methods of case handling."  57 Fed. Reg. at 11,568. Therefore, the lack of compliance with this portion of the regulation, standing alone or read with the other regulations, does not provide a reason for terminating proceedings.[12]

## III. CONCLUSION

The absence of the address of the Immigration Court in a notice to appear does not compel termination of proceedings for lack of jurisdiction. Regarding the requirement in 8 C.F.R. § 1003.15(b)(6), there is nothing in 8 C.F.R. § 1003.14(a) that explicitly defines the scope of a charging document.  Moreover, § 1003.15(b)(6) is an internal docketing rule to be read in conjunction with other internal docketing regulations, which specifically permit the time, place, and date of a hearing to be excluded from the notice to appear, if later provided.  *See* 8 C.F.R § 1003.18(b).  Additionally, 8 C.F.R. § 1003.14(a) is also an internal docketing or claim-processing rule and does not serve to limit subject matter jurisdiction.

A claim-processing rule may be challenged in a timely manner.  *See, e.g.*, *Pierre-Paul*, 930 F.3d at 693.  While the respondents in this case timely challenged the deficiencies in their notices to appear, there is no apparent prejudice.  They were subsequently informed of the location of the Immigration Court where their notices to appear were filed and where their hearings were scheduled.  They had actual knowledge of the time, date, and

---

[12] The respondents' notices to appear did include a certificate of service indicating that they were personally served with their notices to appear and received the required advisals regarding the consequences of failing to appear.  The certificate of service did not contain the address of the Immigration Court where the notices to appear were filed, but the respondents received this information when they were issued notices of hearing.

place of their hearings through follow-up notices that provided that information. *See generally Matter of Bermudez-Cota*, 27 I&N Dec. at 447. And, significantly, the respondents appeared for their hearings and were able to file all of their documents for the Immigration Judge's consideration. The Immigration Judge therefore had no basis upon which to terminate the proceedings. *See Matter of Sanchez-Herbert*, 27 I&N Dec. 43, 45 (BIA 2012).

Accordingly, we will sustain the DHS's appeal, vacate the Immigration Judge's decision, and reinstate the respondents' removal proceedings. The respondents' records will be remanded to the Immigration Judge for further proceedings.

**ORDER:** The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:** The records are remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.