**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1437
_____

JOSE HERNANDEZ-CHAVEZ,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

ON PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
(Agency No. A206-907-729)
Immigration Judge:  Steven A. Morley
_____

Submitted under Third Circuit L.A.R. 34.1(a)
December 17, 2020
_____

Before: GREENAWAY, JR., SHWARTZ, and FUENTES, <u>Circuit Judges</u>.

(Filed: January 20, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Jose Hernandez-Chavez petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") denying his application for cancellation of removal and protection under the Convention Against Torture ("CAT"). For the reasons set forth below, we will dismiss the petition.

I

Hernandez-Chavez, a native and citizen of Mexico, entered the United States in February 2000 without inspection. The Department of Homeland Security initiated removal proceedings against Hernandez-Chavez by filing and serving him with a Notice to Appear ("NTA") in the Immigration Court. The NTA charged Hernandez-Chavez under 8 U.S.C. § 1182(a)(6)(A)(i) as an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." A.R. 812. The NTA did not include a date and time to appear before the Immigration Court, noting only that those details were "[t]o be set." A.R. 812.

Hernandez-Chavez conceded removability and filed applications for, among other things, cancellation of removal and protection under the CAT. Hernandez-Chavez never contested the validity of the NTA before the IJ.

The IJ denied Hernandez-Chavez's cancellation of removal claim under 8 U.S.C. § 1229b, reasoning that he did not establish that his removal would result in an exceptional and extremely unusual hardship to his sole qualifying relative, his daughter,

as he is not her legal guardian and sees her only twice a month. The IJ also denied Hernandez-Chavez's CAT claim because he failed to show "that it is more likely than not that he would be subjected to harm if returned to Mexico." A.R. 85Hernandez-Chavez appealed to the BIA.

While Hernandez-Chavez's appeal to the BIA was pending, the Supreme Court held that an NTA must "include the time and place of the removal proceedings" to trigger the "stop-time rule" for cancellation of removal.[1] Pereira v. Sessions, 138 S. Ct. 2105, 2114 (2018).[2] Seeking to broaden that case's application, Hernandez-Chavez argued to the BIA that the IJ lacked jurisdiction over the removal proceedings because the NTA was invalid under Pereira. He also argued that the IJ erred in finding him ineligible for cancellation of removal and CAT relief.

The BIA dismissed the appeal. The BIA concluded that Hernandez-Chavez's Pereira arguments were foreclosed by Nkomo v. Attorney General of the United States, 930 F.3d 129 (3d Cir. 2019), and Matter of Bermudez-Cota, 27 I. & N. Dec. 441 (BIA 2018).[3] The BIA agreed that Hernandez-Chavez was not entitled to cancellation of

---

[1] The stop-time rule, relevant only to applications for cancellation of removal, provides that an alien's "period of continuous physical presence is 'deemed to end . . . when the alien is served a[n NTA] under section 1229(a).'" Pereira v. Sessions, 138 S. Ct. 2105, 2109 (2018) (quoting 8 U.S.C. § 1229b(d)(1)(A)).

[2] Section 1229(a) requires that an NTA provide various information, including "[t]he time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1)(G)(i).

[3] While an NTA that fails to specify the time and place of the immigration proceedings does not trigger the "stop-time rule," which is relevant only to cancellation

3

removal because he did not establish that his removal would result in an extremely unusual hardship to his daughter. The BIA also held that the IJ did not clearly err in finding that Hernandez-Chavez was unlikely to face torture in Mexico and was thus not entitled to CAT relief.

Hernandez-Chavez petitions for review.

## II[4]

In his petition, Hernandez-Chavez does not contest the denial of his cancellation of removal and CAT claims. Rather, he argues that Section 1229(a)'s requirements are claim-processing rules, and the NTA's failure to include the date and time to appear violated these rules and required termination of his removal proceedings.

Before considering the merits of his claim, "we must determine whether [Hernandez-Chavez] exhausted his administrative remedies as required by 8 U.S.C. § 1252(d)." Liao v. Att'y Gen., 910 F.3d 714, 718 (3d Cir. 2018). "[A]n alien is required to raise and exhaust his or her remedies as to each claim or ground for relief" before seeking judicial review. Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). We have described our exhaustion policy as "liberal," and so "an alien need not do much to alert the [BIA] that he is raising an issue." Joseph v. Att'y Gen., 465 F.3d 123, 126

---

of removal, Pereira, 138 S. Ct. at 2114, these omissions do not strip the immigration court of jurisdiction. Nkomo, 930 F.3d at 133-34.

[4] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3), and we have jurisdiction over final orders of the BIA under 8 U.S.C. § 1252(a)(1). See Garcia v. Att'y Gen., 665 F.3d 496, 502 n.4 (3d Cir. 2011).

(3d Cir. 2006). We adopt a liberal approach because "[t]he purpose of administrative exhaustion is to ensure that the agency is given an opportunity to resolve issues raised before it prior to any judicial intervention." Liao, 910 F.3d at 718 (internal quotation marks and citation omitted). Thus, "a petitioner who completely omits an issue fails to meet the exhaustion requirement," id. (citing Abdulrahman, 330 F.3d at 595), but a petitioner who references the issue in either his notice of appeal or briefing satisfies it, Hoxha v. Holder, 559 F.3d 157, 159-61 (3d Cir. 2009).

Hernandez-Chavez has not exhausted his claim-processing rule argument. In his Notice of Appeal to the BIA, he stated that the IJ "erred as a matter of law in denying the application for cancellation of removal and for withholding of removal in accordance with the [CAT]." AR 54. This statement could not put the BIA on notice of the claim-processing rule issue. Hoxha, 559 F.3d at 160. His briefing before the BIA also did not raise this issue. Instead, Hernandez-Chavez spoke in jurisdictional terms, arguing Pereira dictated that the IJ lacked jurisdiction over his removal proceedings because the NTA was deficient as a matter of law. Thus, before the BIA, he relied on Pereira to make a jurisdictional argument. Before our Court, however, he uses Pereira to argue the requirement that an NTA contain a date and time is a claim-processing rule, the violation of which requires an IJ to terminate the proceedings.

Claim-processing rules "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 435 (2011). The Supreme Court

has distinguished them from jurisdictional rules, which "govern[] a court's adjudicatory capacity," namely "its subject-matter or personal jurisdiction." Id. Accordingly, an argument about a court's power to adjudicate differs from an argument that the court should exercise its power to ensure litigation proceeds in an orderly fashion. Thus, relying on an argument about a court's adjudicatory authority does not alert the court to an issue about how it should exercise its power. See Abdulrahman, 330 F.3d at 595 ("Even when th[e notice of appeal and brief] are viewed expansively, nothing there even suggests the issue[.]").[5] Because Hernandez-Chavez did not put the IJ or BIA on notice of his claim-processing argument, he did not exhaust the claim and we lack jurisdiction to review it.[6] See Yan Lan Wu v. Ashcroft, 393 F.3d 418, 422 (3d Cir. 2005).[7]

---

[5] Although the BIA noted that "8 C.F.R. § 1003.14(a) is a claims processing rule that does not implicate subject matter jurisdiction," A.R. 5 (citing Matter of Rosales Vargas, 27 I. & N. Dec. 745, 748-52 (BIA 2020)), the BIA used this reference to explain why it rejected Hernandez-Chavez's argument that the IJ lacked jurisdiction under Pereira, and does not amount to the BIA "sua sponte consider[ing]" the argument that a violation of a claim-processing rule requires termination of the removal proceeding. Hoxha, 559 F.3d at 160. Thus, the comment is insufficient to deem the claim-processing argument exhausted.

[6] Unlike the issue preservation doctrine of waiver, exhaustion before the BIA cannot be set aside because it is a jurisdictional prerequisite to our review. 8 U.S.C. § 1252(d) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); Xie v. Ashcroft, 359 F.3d 239, 245 n.8 (3d Cir. 2004) ("[T]his court has described statutory exhaustion requirements as being jurisdictional."); see also Duvall v. Elwood, 336 F.3d 228, 234 (3d Cir. 2003) (rejecting futility exception to exhaustion requirement because § 1252(d)(1) "requires exhaustion as a matter of jurisdiction").

[7] Hernandez-Chavez also argues that, because the NTA was defective under Pereira, it should have been quashed and the proceedings terminated. His argument lacks merit. First, an IJ retains jurisdiction over removal proceedings even where an NTA fails to comply with Pereira. See Nkomo, 930 F.3d at 132-34. Adopting Hernandez-Chavez's

## III

For these reasons, we will dismiss the petition.

---

position would require us to overrule <u>Nkomo</u>, which under principles of stare decisis and our Internal Operating Procedures, we cannot do. <u>See</u> 3d Cir. I.O.P. 9.1 ("[N]o subsequent panel overrules the holding in a precedential opinion of a previous panel. Court en banc consideration is required to do so."). Second, while there is no dispute that the NTA lacks a date and time, it is "highly probable that th[is] error did not affect the outcome of the case." <u>Guadalupe v. Att'y Gen.</u>, 951 F.3d 161, 167 (3d Cir. 2020) (quoting <u>Li Hua Yuan v. Att'y Gen.</u>, 642 F.3d 420, 427 (3d Cir. 2011)). The purpose of an NTA is to advise an alien that they are removable and provide the basis for that allegation. The lack of a date and time for a hearing on the NTA did not impede Hernandez-Chavez's opportunity to contest the charges. Here, Hernandez-Chavez received a Notice of Hearing, appeared before the IJ, conceded he was removable as charged, and offered evidence in opposition to his removal. Further, on appeal, he does not contest that he is ineligible for cancellation of removal and CAT relief. Accordingly, the Government's failure to include the date and time for his hearing on the NTA itself was harmless error, and a remand to re-initiate proceedings is unwarranted.