# Matter of A-S-M-, Applicant

*Decided April 9, 2021*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where the Department of Homeland Security states that an applicant may be removed to a country pursuant to section 241(b)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(2) (2018), the applicant may seek withholding of removal from that country in withholding-only proceedings, even if that country is different from the country of removal that was originally designated in the reinstated removal order on which the withholding-only proceedings are based.

FOR APPLICANT: Paula Giron, Esquire, Phoenix, Arizona

FOR THE DEPARTMENT OF HOMELAND SECURITY: Kaylee J. Klixbull, Associate Legal Advisor

BEFORE: Board Panel: MALPHRUS, Deputy Chief Appellate Immigration Judge; MULLANE and HUNSUCKER, Appellate Immigration Judges.

MALPHRUS, Deputy Chief Appellate Immigration Judge:

In a decision dated March 29, 2018, an Immigration Judge concluded that he lacked the authority to consider the applicant's application for withholding of removal to Honduras under section 241(b)(3)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3)(A) (2018), and protection under 8 C.F.R. §§ 1208.16(c) and 1208.18 (2020), the regulations implementing the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture"). The applicant has appealed from this decision. In response to our request for supplemental briefing, the parties agreed that the record should be remanded for further consideration of the applicant's eligibility for withholding of removal. The appeal will be sustained, and the parties' motion to remand will be granted.

## I. FACTUAL AND PROCEDURAL HISTORY

In 1998, the legacy Immigration and Naturalization Service ("INS") served the applicant with a notice to appear, alleging that he was a native and

citizen of Mexico and charging him with being removable as, among other things, an alien who had entered the United States without being admitted or paroled. The applicant admitted that he was a native and citizen of Mexico. On May 11, 1998, an Immigration Judge designated Mexico as the country of removal and ordered the applicant removed from the United States to Mexico.

In March 2002, the applicant illegally reentered the United States. The INS reinstated the May 1998 removal order pursuant to section 241(a)(5) of the Act and removed him again to Mexico.

In 2004, the applicant again reentered the United States. The Department of Homeland Security ("DHS"), the successor of the INS, detained him in 2012. During his detention, the applicant stated that he is a native and citizen of Honduras and expressed a fear of being returned to that country. On March 6, 2013, the DHS issued a Notice of Referral to Immigration Judge (Form I-863) after concluding that the applicant had a reasonable fear of torture in Honduras. In this Form I-863, the DHS stated that the INS had reinstated the applicant's 1998 removal order pursuant to section 241(a)(5) of the Act.

On April 26, 2013, the applicant filed an application for withholding of removal, asserting for the first time before the Immigration Court that he is a native and citizen of Honduras who fears returning to that country. He did not indicate on this application that he fears returning to Mexico. At a subsequent hearing, the DHS indicated that it intended to remove the applicant to Honduras and both parties submitted documentation supporting the applicant's assertion that he is a native and citizen of Honduras.

On March 29, 2018, the Immigration Judge concluded that he lacked the authority to consider the applicant's application for withholding of removal under the Act and the Convention Against Torture based on his fear of being returned to Honduras. The Immigration Judge found that he only had the authority to consider an application for withholding of removal to Mexico since the applicant had been ordered removed to Mexico, his withholding-only proceedings were premised on a reinstated removal order designating Mexico as the country of removal, and he had never been ordered removed to Honduras. Because the applicant's application did not demonstrate a likelihood of persecution or torture in Mexico, the Immigration Judge denied it.

The applicant challenges the Immigration Judge's decision, arguing that, even though he was previously ordered removed to Mexico, the DHS has indicated he may be removed to Honduras since the record reflects, and the parties agree, that he is a native and citizen of that country. Because the DHS may potentially remove him to Honduras, the applicant contends that he may seek withholding of removal to Honduras pursuant to section 241(b)(3)(A)

of the Act, which prohibits the DHS from removing him to a country where his life or freedom would be threatened.  The DHS does not dispute that the applicant is eligible to seek withholding of removal to Honduras, and it requests that the record be remanded for this purpose.

## II.  ANALYSIS

An alien, like the applicant, who is subject to a reinstated order of removal under section 241(a)(5) of the Act and found to have a reasonable fear of persecution or torture in the "country of removal" is entitled to a hearing before an Immigration Judge "for full consideration of the request for withholding of removal only."  8 C.F.R. § 1208.31(a), (c), (e) (2020).  The question in this case is whether an applicant in withholding-only proceedings may seek to have his removal withheld from a country to which the DHS indicates he may be removed, even if that country is different from the original "country of removal" designated on the reinstated order on which the withholding-only proceedings are based.  We review this question of law de novo.  8 C.F.R. § 1003.1(d)(3)(ii) (2020).  For the following reasons, we conclude that the applicant may seek withholding of removal to Honduras.

### A.  Country of Removal

Section 241(b)(2) of the Act prescribes the procedures for determining the "country of removal" for an alien subject to an order of removal, including a reinstated removal order.  *See Jama v. ICE*, 543 U.S. 335, 341 (2005).[1]  This provision first states that the DHS[2] "shall remove" an alien to the country he or she designates during the removal hearing, unless

---

[1]  The framework set forth in section 241(b)(2) of the Act does not apply to "[a]liens arriving at the United States," for whom there are separate procedures for determining the country of removal under section 241(b)(1) of the Act.  *See Jama*, 543 U.S. at 351 n.11; *see also, e.g.*, *Shuaibu v. Gonzales*, 425 F.3d 1142, 1144–45 (8th Cir. 2005) (finding that the country of removal for an alien who was stopped by immigration officers at an airport and placed in removal proceedings was governed by section 241(b)(1) of the Act).

[2]  Although these provisions refer to the "Attorney General" as the party responsible for determining the proper country of removal, "the discretion formerly vested in the Attorney General" in this regard was "vested in the Secretary of Homeland Security" pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135.  *Jama*, 543 U.S. at 338 n.1; *see also* 6 U.S.C. § 251 (2018).  Thus, although the Attorney General was responsible for determining the country of removal when the applicant was first ordered removed in 1998, the issue in this case is whether Honduras is the proper country of removal in the applicant's *current* withholding-only proceedings.  We will therefore refer to the DHS as the entity responsible for determining the appropriate country of removal.

a statutory condition precluding that designation applies. *See* sections 241(b)(2)(A)–(C) of the Act.[3]

If the alien cannot be "removed to [the] country designated," the DHS "shall remove the alien to a country of which the alien is a subject, national, or citizen unless the government of the country" fails to inform the DHS whether it will accept the alien or is unwilling to accept the alien. Section 241(b)(2)(D) of the Act. And, if the alien cannot be removed to that country, the DHS "shall remove" him or her to, among other places, the "country in which the alien was born," or the "country that had sovereignty over the alien's birthplace when the alien was born." Sections 241(b)(2)(E)(iv)–(v) of the Act.

The DHS "retains discretion" to determine the proper country of removal under section 241(b)(2) of the Act. 8 C.F.R. § 241.15(a) (2020). Neither the Immigration Judges nor this Board has jurisdiction to review the DHS's discretionary determination in this regard. 8 C.F.R. § 1241.15 (2020). However, once the DHS determines the proper country of removal under section 241(b)(2), it "may not remove" an alien to that country if "the alien's life or freedom would be threatened in that country" on account of a ground protected under section 241(b)(3)(A) of the Act. Nor may it remove an alien to that country if "it is more likely than not that he or she would be tortured" there. 8 C.F.R. § 1208.16(c)(2).

## B. Application

It is unclear whether the applicant or the former INS designated Mexico as the country of removal during his 1998 removal proceedings. However, the DHS stated during the withholding-only proceedings below that it intended to remove the applicant to Honduras, and the parties presented evidence showing that he is, in fact, a native and citizen of Honduras. Based on this evidence, the DHS now indicates that the applicant may be removed to Honduras pursuant to section 241(b)(2)(D) of the Act since he is a "citizen" of that country. Thus, the applicant is eligible to seek withholding of removal from Honduras. *See* section 241(b)(3)(A) of the Act; 8 C.F.R. § 1208.16(c)(2).

Although the prior order of removal against the applicant designated Mexico as the country of removal, the DHS can nevertheless remove him to any country permitted under the statute, regardless of whether it is formally

---

[3] For instance, even if an alien designates "a foreign territory contiguous to the United States" as the country of removal, the DHS may not remove the alien to that territory unless he or she is "a native, citizen, subject, or national of, or has resided in" that country. Section 241(b)(2)(B) of the Act. Section 241(b)(2)(C) of the Act provides additional statutory conditions for "disregard[ing] a designation," but these conditions are inapplicable here.

designated on a removal order issued by an Immigration Judge.  *See* sections 241(b)(2)(B)–(E) of the Act.  Furthermore, section 241(b)(3)(A) of the Act prohibits an alien's removal to a country where the alien's life or freedom would be threatened.  Therefore, the Immigration Judge was not bound by the designation of Mexico as the country of removal in 1998, and, once the DHS stated that it intended to remove the applicant to Honduras, the Immigration Judge should have given "full consideration" to the applicant's request for withholding of removal to Honduras pursuant to section 241(b)(3)(A) of the Act and the Convention Against Torture.  8 C.F.R. § 1208.31(e); *see also, e.g.*, *R-S-C- v. Sessions*, 869 F.3d 1176, 1180 (10th Cir. 2017) ("This withholding-only rule is consistent with the United States' nonrefoulement obligation, as well as the statutory prohibition on deporting aliens to a country wherein the alien would suffer persecution on the basis of certain personal characteristics.").

We recognize that 8 C.F.R. § 1241.8(e) (2020) lends some support to the Immigration Judge's conclusion because it provides that an alien subject to a reinstated removal order who "expresses a fear of returning to the *country designated in that order*" shall be referred for a reasonable fear interview pursuant to 8 C.F.R. § 1208.31.  8 C.F.R. § 1241.8(e) (emphasis added).  However, § 1241.8(e) must be read in context, not in isolation.  *See Matter of Rosales Vargas and Rosales Rosales*, 27 I&N Dec. 745, 750 (BIA 2020) (stating that it is appropriate to read regulations, not in isolation, but in the context of other related regulations).

As noted, § 1241.8(e) cross-references § 1208.31.  That regulation provides that the reasonable fear process shall be initiated anytime an alien, who is subject to a reinstated order of removal, "expresses a fear of returning to the *country of removal*" during the reinstatement process.  8 C.F.R. § 1208.31(a) (emphasis added); *see also* 8 C.F.R. § 1208.31(b).  This regulation goes on to state that an alien "shall be determined to have a reasonable fear of persecution or torture," and be referred to an Immigration Judge for a withholding-only hearing, "if the alien establishes a reasonable possibility that he or she would be persecuted . . . [or] tortured in the *country of removal*."  8 C.F.R. § 1208.31(c) (emphasis added); *see also* 8 C.F.R. § 1208.31(e).  Thus, unlike § 1241.8(e), § 1208.31 does not condition a reasonable fear interview or a withholding-only hearing on an alien's fear of returning to the "country designated" in the reinstated removal order.  8 C.F.R. § 1241.8(e).  Instead, it conditions these proceedings on a fear of harm in the "country of removal," a broader term, which we take to mean the country to which the DHS has stated it will remove the alien pursuant to section 241(b)(2) of the Act.  *See also* section 241(b)(3)(A) of the Act (prohibiting an alien's removal to a country where his or her life or freedom would be threatened).

We therefore read § 1241.8(e) as referring to only one reason for initiating the reasonable fear process—namely, an alien expresses a fear of returning to the country designated in the reinstated removal order. Section 1208.31 refers to all other reasons for initiating this process, including instances where an alien expresses, during the reinstatement process, a fear of returning to any country to which the DHS has stated it may remove the alien. A contrary conclusion would be inconsistent with the broader language used in § 1208.31 and impinge on the DHS's exclusive authority to determine the appropriate "country of removal" pursuant section 241(b)(2) of the Act. 8 C.F.R. §§ 241.15(a), 1241.15.

We therefore hold that where, as here, the DHS states that an applicant may be removed to a country pursuant to section 241(b)(2) of the Act, the applicant may seek withholding of removal from that country in withholding-only proceedings, even if that country is different from the country that was originally designated in the reinstated removal order on which the withholding-only proceedings are based.[4] Thus, the Immigration Judge erred when he concluded that he could not consider the applicant's application for withholding of removal to Honduras. Accordingly, the applicant's appeal is sustained, the parties' joint request for remand is granted, and the record is remanded to the Immigration Judge for further consideration of the applicant's eligibility for withholding of removal to Honduras under section 241(b)(3)(A) of the Act and the Convention Against Torture. We express no opinion regarding the outcome on remand.

**ORDER:** The applicant's appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and the entry of a new decision.

---

[4] The DHS has the exclusive authority to place an alien in removal proceedings. *See Matter of W-Y-U-*, 27 I&N Dec. 17, 19 (BIA 2017) (stating that we "lack the authority to review the DHS's decision to institute proceedings, which involves the exercise of prosecutorial discretion"). Further, the DHS has the discretion under section 241(b)(2)(E) of the Act to conceivably remove an alien to any country that is willing to accept him or her, if it unable to remove the alien to a country designated under sections 241(b)(2)(A) through (D) of the Act. However, where the DHS states that an applicant in withholding-only proceedings may be removed to a country where he or she fears persecution or torture, an Immigration Judge needs to fully consider whether the applicant is eligible to have his or her removal withheld from that country under the Act and the Convention Against Torture.