**NOT FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BERNALDA PAULINA ALFARO PINEDA; ANGEL JOSUE ALFARO PINEDA, | Nos. 18-70882<br>19-71705 |
| Petitioners, | Agency Nos. A208-898-500<br>A208-898-501 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2021[**]
Submission Withdrawn February 5, 2021
Resubmitted October 13, 2021
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.

Bernalda Paulina Alfaro Pineda (Alfaro) and Angel Josue Alfaro Pineda (Angel), a Honduran mother and son, seek review of the decisions of the Board of Immigration Appeals (BIA) that (1) denied the motion to terminate the removal proceedings and affirmed the denial of Alfaro's application for asylum, statutory withholding of removal, and protection under the Convention Against Torture (CAT), and (2) denied the motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions for review.

The BIA did not abuse its discretion in denying the motion to terminate. The requirement that the government file a certificate showing service along with a Notice to Appear (NTA), 8 C.F.R. §§ 1003.32, 1003.14(a), is not a jurisdictional requirement. *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 n.4 (9th Cir. 2020). Failure to comply with this requirement "does not provide a reason for terminating proceedings" where "there is no apparent prejudice." *Matter of Rosales Vargas*, 27 I. & N. Dec. 745, 753 (BIA 2020). Petitioners do not dispute the BIA's finding that they "were notified of the specific time, date, and place of their hearing and appeared for the hearing." Therefore, the BIA's conclusion that petitioners "have not identified prejudice flowing from the lack of a certificate of service indicating the location of the court where proceedings were to commence," is not "arbitrary,

2

irrational, or contrary to law." *Aguilar Fermin*, 958 F.3d at 892 (quoting *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016)); *see Matter of Rosales Vargas*, 27 I. & N. Dec. at 753–54.

The BIA's determination that Alfaro was not a member of the particular social group she described—"women from Honduras who are unable to leave a domestic relationship"—because she was not in a domestic relationship with her attacker, is supported by substantial evidence, given Alfaro's testimony that the attacker had no relationship with her or her child. Neither Alfaro's testimony nor the country conditions evidence compels the conclusion that Honduran society considers Alfaro and Pastor to be in a "domestic relationship." Because a particular social group must feature the element of social distinction, which depends here on the perception of Honduran society, *see Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 240, 242 (BIA 2014), petitioners' reliance on the statutory definition of "crime of domestic violence" in 8 U.S.C. § 1227 is misplaced.

The BIA denied the motion to reopen on the ground that it was untimely. Petitioners do not challenge this determination, and therefore forfeit the issue. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 703 n.1 (9th Cir. 2010). We affirm the BIA's determination that the NTAs vested the immigration judge with jurisdiction, despite not including the time and date of the hearing or the correct

address of the immigration court.  *See Aguilar Fermin*, 958 F.3d at 895.  Because neither 8 U.S.C. § 1229(a)(1)(G)(i) nor 8 C.F.R. § 1003.18(b) imposes jurisdictional restrictions, the failure to include the "time and place at which the proceedings will be held" in the NTAs, as required by § 1229(a)(1)(G)(i), does not affect the immigration judge's authority to conduct the removal proceeding.  *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019), *cert. denied sub nom. Karingithi v. Barr*, 140 S. Ct. 1106 (2020).

**PETITIONS DENIED.**