**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| VICTOR MANUEL LINARES-CONTRERAS,<br><br>                Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                Respondent. | No.   17-72810<br>       20-71835<br><br>Agency No. A201-223-705<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2023[**]
San Francisco, California

Before:  CALLAHAN and BADE, Circuit Judges, and ANTOON,[***] District Judge.

Victor Manuel Linares-Contreras, a native and citizen of El Salvador,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from a decision of the Immigration Judge (IJ) denying his application for withholding of removal and protection under the Convention Against Torture (CAT). He also petitions for review of the BIA's denial of his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's determination that a petitioner is not entitled to withholding of removal or CAT relief for substantial evidence, *Lalayan v. Garland*, 4 F.4th 822, 839–40 (9th Cir. 2021), and the BIA's denial of a motion to reconsider for abuse of discretion, *Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007). We deny both petitions for review.

1.  Substantial evidence supports the BIA's denial of Linares-Contreras's application for withholding of removal. Linares-Contreras forfeited any argument that he was a member of a cognizable social group by failing to advance it in his opening brief. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022). Additionally, the BIA acknowledged and rejected Linares-Contreras's argument that he would suffer persecution on account of his political opinion. Substantial evidence supports this finding, and the agency did not err in finding the lack of nexus dispositive. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 746–47 (9th Cir. 2008) (upholding BIA's "determination that a general aversion to gangs does not constitute a political opinion for asylum purposes" and denying petition when

2

petitioner presented no evidence "that he was politically or ideologically opposed to the ideals espoused by the Mara or to gangs in general, or that the Mara imputed" a political opinion to him), *overruled on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc); *see also Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (substantial evidence supported denial of withholding of removal when petitioner "allege[d] no facts in support of a political opinion, actual or imputed, beyond his refusal to join the MS-13"), *overruled on other grounds by Henriquez-Rivas*, 707 F.3d at 1093; *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [a petitioner's] asylum and withholding of removal claims.").

The BIA also upheld the IJ's finding that Linares-Contreras had not established a clear probability of future persecution, observing that Linares-Contreras "left El Salvador 12 years ago, and no one has contacted [his] family looking for him." Linares-Contreras does not challenge this finding, and it is supported by substantial evidence. *See Sharma v. Garland*, 9 F.4th 1052, 1065 (9th Cir. 2021) (no well-founded fear of future persecution when, among other things, it "ha[d] been decades since [the petitioner's] last personal interaction" with his potential persecutor); *Lanza v. Ashcroft,* 389 F.3d 917, 934–35 (9th Cir. 2004) (stating that "[t]here is no reason in the record to warrant a belief that [the

3

petitioner's] alleged persecutors would still be interested in her" when the "alleged persecution occurred more than ten years ago").

2. Substantial evidence supports the BIA's denial of CAT relief. Although gang members threatened and, on one occasion, beat Linares-Contreras, causing his nose to "bleed from the inside," substantial evidence supports the BIA's finding that this did not constitute past torture. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 700–01, 706 (9th Cir. 2022) (holding that the record did not compel the conclusion that the petitioner, who was kidnapped twice and "beaten with brass knuckles that caused hearing damage," suffered past torture). Substantial evidence also supports the BIA's finding that Linares-Contreras did not establish a particularized risk of future torture. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("Where Petitioners have not shown they are any more likely to be victims of violence and crimes than the populace as a whole in [the country of removal], they have failed to carry their burden [for CAT relief].").

3. The BIA did not abuse its discretion in denying Linares-Contreras's motion to reconsider. Although Linares-Contreras's notice to appear did not include the location of the immigration court where the notice to appear would be filed, *see* 8 C.F.R. §§ 1003.14(a), 1003.15(b)(6), "the immigration courts' adjudicatory authority over removal proceedings" stems from the Immigration and Nationality Act, not from the regulations. *United States v. Bastide-Hernandez*, 39

F.4th 1187, 1191 (9th Cir. 2022) (en banc) (quoting *United States v. Cortez*, 930 F.3d 350, 360 (4th Cir. 2019)). Therefore, the notice's failure to comply with the applicable regulations, which serve as "nonjurisdictional claim-processing rule[s]," did not divest the immigration court of jurisdiction. *Id.* at 1193; *see also Matter of Rosales Vargas*, 27 I. & N. Dec. 745, 748–49, 753–54 (B.I.A. 2020) (concluding that 8 C.F.R. §§ 1003.14(a) and 1003.15(b)(6) are "claim-processing" rules and that although respondents timely challenged the deficiencies in their notices to appear, they suffered "no apparent prejudice" given that they had knowledge of the time, date, and place of their hearings, appeared for the hearings, and "were able to file all of their documents for the [IJ's] consideration").

**PETITIONS DENIED.**